**Walter L. JONES and Walter L. Jones Development Corporation, Inc., Plaintiffs–Appellants,**

v.

**NIAGARA FRONTIER TRANSPORTATION AUTHORITY (NFTA) et al., Defendants–Appellees.**

**No. 271, Docket 87–7502.**

United States Court of Appeals, Second Circuit.

Argued Nov. 18, 1987.

Decided Dec. 31, 1987.

Walter L. Jones, pro se.

James A.W. McLeod, Buffalo, N.Y., for plaintiff-appellant Walter L. Jones Development Corp., Inc.

Paul I. Perlman, Buffalo, N.Y. (Hodgson, Russ, Andrews, Woods & Goodyear, of counsel), for defendants-appellees Siegfried Const. Co., Inc., Siegfried/Slattery, Fruin–Colnon Corp., Traylor Bros. Inc., S & M/McHugh/Kenny, Nat. Elec. Contractors Ass'n, Plumbing Contractors Ass'n of Erie County, Marine Midland Bank, NA, Executor of Cornelius J. Cavanaugh, deceased, John J. Sanders, S.H. Bartholomew.

Dominic J. Terranova and Mary Perla, Buffalo, N.Y., for defendant-appellee Niagara Frontier Transp. Authority.

Roger P. Williams, U.S. Atty., and Joseph B. Mistrett, Buffalo, N.Y., for defendant-appellee Urban Mass Transp. Admin.

Richard A. Clack, Buffalo, N.Y. (Saperston & Day, P.C., of counsel), for defendants-appellees The John W. Cowper Co., Inc. and Irving Francis.

William J. McDermott, Niagara Falls, N.Y., for defendants-appellees Albert Elia Building Co., Inc. and Lawrence Elia.

Richard Lipsitz and Richard P. Weisbeck, Jr., Buffalo, N.Y. (Lipsitz, Green, Fahringer, Roll, Schuler & James, of counsel), for defendants-appellees Donald J. Blair and Building Trades Council of Buffalo and Vicinity, Ronald M. Fino and Laborers Local Union No. 210, Joseph F. Colern and Michael Fitzpatrick Iron Workers Local Union No. 6, Leonard S. Coniglio and Cement Masons Local Union No. 511, Leo Hopkins and Operating Engineers Local Union No. 17, 17A, 17B, Donald J. Blair as an Official of the Const. Industry Coalition for Economic Recovery of Western New York; Greater Buffalo Sheet Metal & Roofing Ass'n, Paul Gilbert (Official), Asbestos Workers Local Union No. 4, Jack Kelleher (Official), Boiler Makers Local Union No. 7, John Barry Jarzynski (Official), Bricklayers Local Union No. 45, James Joseph McGovern, Elec. Workers Local Union No. 41, Melborne H. Rich (Official), Elevator Constructors Local Union No. 14, Donald M. Winkle (Official), Glazers Local Union No. 660, James J. Coyle, Painters Dist. Council No. 4, Jim V. Griffo (Official), Plasterers Local Union No. 9, Samuel F. Antonio (Official), Roofers Local Union No. 74, Angelo Pagano (Official), Sheet Metals Workers Local Union No. 71, George J. Cuddihy (Official), Steamfitters Local Union No. 395, Donald J. Blair (Official), Tile, Marble & Terrazzo Workers Helpers Local Union No. 8, Daniel J. Mecca (Official).

Jerome C. Gorski, Buffalo, N.Y. (Gorski & Manias, of counsel), for defendants-appellees Buffalo AFL–CIO Council and George L. Wessel.

E. Joseph Giroux, Jr., Buffalo, N.Y., for defendants-appellees Carpenters Dist., Council of Buffalo & Vicinity, U.A. Plumbers Local Union No. 36, Truck Drivers Local Union No. 449, Herman F. Bodewes, Lathers Local Union 32, Frank A. Sciabarrasi, Ervin M. Walker, Larry Connelly.

Joseph L. Randazzo, Buffalo, N.Y. (Flaherty, Cohen, Grande, Randazzo & Doren, P.C., of counsel), for defendants-appellees Const. Industry Coalition for Economic Recovery of Western New York, Const. Industry Employers Ass'n, Inc. and Bernard Shevlin.

Michael L. Beilewech, Jr., Buffalo, N.Y. (Magavern & Magavern, of counsel), for defendant-appellee Mechanical Contractors Ass'n of Buffalo & Vicinity, Inc.

Victor C. Silverstein, Buffalo, N.Y. (Lippes, Kaminsky, Silverstein, Porter, Mathias, Wexler & Calverley, of counsel), for defendants-appellees Boiler Makers Ass'n and Louis D. Madia.

Peter H. Schiff, Albany, N.Y., Deputy Sol. Gen. (Robert Abrams, Atty. Gen. of the State of N.Y., William J. Kogan, Ass't Sol. Gen., John Q. Driscoll, Asst. Atty. Gen.), for defendant-appellee New York State Dept. of Transp.

Before LUMBARD, KEARSE and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Walter L. Jones, *pro se* ("Jones"), and the Walter L. Jones Development Corp. ("the Corporation"), appeal from an order of the United States District Court for the Western District of New York, John T. Elfvin, Judge, dismissing appellants' complaint pursuant to Fed.R.Civ.P. 37(b)(2)(C). Judge Elfvin dismissed the action because of Jones' persistent refusal, in the face of warnings by the court and the Corporation's attorney, to answer any questions at a duly scheduled deposition. We conclude that in light of Jones' willful attempt to obstruct the course of discovery in this action, the district court was fully justified in imposing the harsh sanction of dismissal.

## BACKGROUND

This lawsuit is no newcomer to our courts. Jones commenced the action in 1980; since then, Jones' litigation has been the subject of several opinions, published and unpublished, in both the district and circuit courts. When the case was dismissed, however, discovery had barely begun.

Appellant Jones is the president and sole shareholder of the Corporation, a minority-owned construction business located in Buffalo, New York. Jones filed the first version of the complaint in this action on November 24, 1980, alleging that the defendants' failure to award certain construction contracts to the Corporation violated federal constitutional and statutory law. A more detailed background statement is provided in an early district court opinion in this case, *see Jones v. Niagara Frontier Transportation Authority*, 524 F.Supp. 233 (W.D.N.Y.1981).

Jones filed the original complaint *pro se*, on behalf of both himself and the Corporation; the Corporation initially was unrepresented by counsel. On April 17, 1981, after several defendants had moved to dismiss the action on various grounds, the district court dismissed Jones' individual claims, holding that Jones did not have standing to challenge alleged injuries to the Corporation. The court also held that the Corporation would have to retain counsel in order to proceed with the action. Jones subsequently attempted to circumvent this ruling by assigning the Corporation's claims to himself; the district court held, however, that a corporation could not assign its claims to a lay person in order for the lay person to prosecute the corporation's claims. This court affirmed that ruling, *see Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20 (2d Cir. 1983).

In July 1981, the attorney which the Corporation had then retained sought leave to amend the complaint. The amended complaint, filed in August 1981, omitted several of the defendants previously joined in the action. On October 8, 1981, the district court issued an order to show cause why the claims against those defendants should not be dismissed. On the return date, no one appeared on behalf of the Corporation, and therefore on November 2, 1981, the court ordered the action dismissed as to those defendants, with prejudice. Judge Elfvin concluded that the decision to delete certain defendants was a strategic one on the part of plaintiff's counsel.

Over the years, Jones made numerous attempts to have himself reinstated as a party, all of them unsuccessful. He also sought unsuccessfully to reinstate the defendants who had been dismissed from the action. The passing years were witness to

a great flurry of paper-work—including several amended complaints, district court rulings and appeals—but not much progress. In addition, several different attorneys have represented the Corporation.

In October 1985, Judge Elfvin referred the case to Magistrate Maxwell for pre-trial proceedings. The Magistrate ruled on various motions and in January 1987, issued a scheduling order requiring all parties wishing to file deposition notices to do so by February 2, 1987. Both Jones and the Corporation appealed from the Magistrate's rulings, first to the district court and then to this court.

On March 24, 1987, this court dismissed the Corporation's appeals from the Magistrate's orders due to lack of appellate jurisdiction. We awarded defendants double costs and attorneys' fees, and warned the plaintiff that "the further filing of meritless legal papers subjects them to the risk of severe sanctions."

While the aforementioned appeal was still pending before this court, a deposition was scheduled for March 2, 1987, at which Jones was to appear and testify as president of the Corporation. Jones failed to appear for the scheduled deposition, taking the position that his appeal to this court had the effect of staying all discovery. Counsel for the Corporation subsequently conceded that discovery was not stayed and that there was no reason to postpone the deposition. Accordingly, the Magistrate issued an order on March 9, 1987, requiring Jones to appear and give deposition testimony commencing on March 16, 1987.

Both Jones and the Corporation's counsel appeared on March 16, but Jones refused to answer any questions put to him by opposing counsel. Instead, he read from a prepared statement, the gist of which was that all orders entered in this action since the dismissal of his individual claims were unconstitutional, and that he would not answer questions until his individual rights were vindicated. Presumably, such vindication would include reinstating Jones as a party. The Corporation's attorney stated that Jones' refusal to respond was not in accordance with counsel's advice.

After Jones initially refused to respond, defense counsel telephoned Magistrate Maxwell for advice on how to proceed. The Magistrate advised Jones that he was obligated to answer all questions unless there was a legitimate claim of privilege. He also warned Jones that defendants might move for sanctions, "because of what [he] construe[d] to be [Jones'] deliberate attempts to delay and frustrate the discovery in this case." The deposition was adjourned briefly to give Jones an opportunity to confer with counsel. Following the adjournment, Jones still refused to answer any questions, and the proceeding was terminated.

Defendants moved to dismiss the complaint, pursuant to Fed.R.Civ.P. 37, based on Jones' willful refusal to give deposition testimony. On April 15, 1987, Judge Elfvin granted defendants' motion and dismissed the action.

## DISCUSSION

■ Rule 37(b)(2)(C) provides that if an officer of a party refuses to obey an order compelling discovery, the court may impose sanctions against that individual, including, where appropriate, dismissal of the action. A district court's choice of sanction should not be disturbed on appeal unless that choice constitutes an abuse of discretion. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam).

■ Dismissal under Rule 37 is an extreme sanction, to be imposed only in extreme circumstances. *See Israel Aircraft Industries, Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir.1977). "The sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the deponent." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir.1986) (quoting *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958)). Nevertheless, this

court observed in *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979), that "in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted."

■ We conclude that the district court did not abuse its discretion in this case by electing to impose the harsh sanction of dismissal. Walter Jones, as president of the plaintiff corporation, refused willfully and repeatedly to answer any questions at a court-ordered deposition. Although Jones initially took the position that discovery was stayed pending his appeal from certain of the Magistrate's orders, the district court made it clear that such was not the case. Moreover, the Corporation's attorney conceded that discovery had not been stayed and that the court-ordered deposition could proceed.

Jones willfully chose, however, to ignore the advice of counsel, as well as earnest warnings by the Magistrate regarding the possibility of sanctions. In response to opposing counsel's first question at the deposition, Jones stated in part:

> [M]y answers to any and all questions are that I am not at liberty or free to answer any questions, at this time, based upon the grounds that it would be further violative of my individual constitutional rights to due process, which are caused by the Court's—that's appealed—prior and present decisions being entered in a manner inconsistent with due process of law, which precludes and restrains my individual participation in this meritorious civil rights case, which is now being challenged, on appeal, as being mandatorily void, including the Order that directed this instant proceeding.

Jones' obstructionist conduct, moreover, occurred in the context of a lawsuit which had been pending for nearly seven years with almost no progress being made. It appeared to everyone else involved in the litigation, including the court, that Jones was concerned more with making frivolous motions than with moving the case forward. Instead of proceeding with the Cor-

poration's claims, Jones made numerous attempts to have the district court reconsider its ruling with respect to Jones' lack of standing to press his individual claims. Jones also tried repeatedly to bring several defendants back into the action after the Corporation's counsel had made a strategic decision to drop them. Jones sought to amend the complaint over a dozen times (and was granted permission to do so on several occasions) and persisted in filing appeals from non-appealable orders.

Against this background, Jones' refusal to comply with the discovery order was simply the last straw. As the district court observed:

> At a time when all others are working towards the resolution of the issues on the merits, Mr. Jones, the sole shareholder of the plaintiff corporation, has determined (thus far successfully) that the merits will *not* be reached and decided until he has coerced this court into reinstating him as a party plaintiff ... Mr. Jones' refusal to obey the orders directing him to testify was knowing, intentional and willful.

In light of all the circumstances and history of this case, *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 634–35, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962), the district court was completely justified in choosing the sanction of dismissal. *See Cine Forty–Second Street*, 602 F.2d at 1068–69 (Oakes, J., concurring) (suggesting that dismissal is a particularly appropriate sanction where client rather than counsel is responsible for conduct leading to dismissal).

In addition to appealing from the Rule 37 dismissal, appellants also challenge several interlocutory rulings made by the district court during the pendency of this action. Most notable among these is the court's April 1981 order dismissing Jones' individual claims on the ground that he did not have standing to assert them. Since then, to the detriment of the Corporation, Jones has expended an inordinate amount of energy in an attempt to overturn or circumvent that ruling. Indeed, Jones' refusal to comply with the discovery order was prem-

ised on his belief that he need not do so until he was reinstated as a party.

The district court held that Jones did not have standing as an individual because the claims asserted all involved injuries to the Corporation, stemming from its failure to obtain the construction contracts at issue. There were no allegations that defendants had taken any actions against Jones in his individual capacity.

■ A shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation. *See, e.g., Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439–40 (9th Cir. 1979); *Sterngass v. Bowman*, 563 F.Supp. 456, 458–59 (S.D.N.Y.), *aff'd mem.*, 742 F.2d 1440 (2d Cir.1983), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *see also Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975) (plaintiff "cannot rest his claim to relief on the legal rights or interests of third parties"). Even though Jones may have felt personally aggrieved by defendants' failure to award contracts to the Corporation, and even though he may have faced the risk of financial loss as a result, the district court correctly dismissed Jones' individual claims for lack of standing. We have examined the appellants' remaining contentions regarding the interlocutory orders and find them all to be without merit.

Finally, appellants have filed a motion in this court, seeking permission yet again to amend the complaint. In light of our disposition of this appeal, the motion to amend is hereby denied as moot.

The judgment of the district court is affirmed.