**WOODSTOCK VENTURES LC, Woodstock Ventures, Inc. and Polygram Diversified Ventures, Inc., Plaintiffs,**

v.

**Ernest PERRY, Trinda A. Perry, Joseph Solimine and April Solimine, d/b/a Ad Tec, Defendants.**

**No. 94–CV–1002.**

United States District Court, N.D. New York.

Feb. 14, 1996.

Whiteman, Osterman Law Firm, Albany, New York (Margaret J. Gillis, Philip H. Gitlen, David Scott Bassinson, of counsel), Chernin, Gold Law Firm, Binghamton, New York (Margaret J. Fowler, of counsel), Kenyon, Kenyon Law Firm, New York City (Jonathon D. Reichman, Howard J. Shire, Joshua R. Bressler, of counsel), for plaintiffs.

Office of Edward J. Carroll, Kingston, New York (Edward J. Carroll, of counsel), Meagher, Meagher Law Firm, Binghamton, New York, (Frederick J. Meagher, Jr., of counsel), for defendants.

**MEMORANDUM, DECISION & ORDER**

McAVOY, Chief Judge.

Plaintiffs Woodstock Ventures LC, Woodstock Ventures, Inc., and Polygram Diversified Ventures, Inc. brought suit against defendants Ernest Perry, Trinda Perry, Joseph Solimine, and April Solimine, d/b/a/ Ad Tec, for trademark infringement and unfair competition, inter alia, stemming from defendants' allegedly unauthorized use of plaintiff Woodstock Ventures LC's "WOODSTOCK" mark and its "Dove & Guitar" logo on defendants' T-shirts. Before the Court is plaintiffs' motion, filed pursuant to Fed.R.Civ.Pro. 37(d), for a default judgment against defendants for their alleged failure to appear at their respective depositions. Plaintiffs also request that the Court impose sanctions on

defendants for alleged lapses in their conduct of this lawsuit.

## I. Background

The parties have submitted for the Court's review affidavits, copies of correspondence between them, and a number of letters in which they explain their positions on this motion. Plaintiffs make the following allegations. On or about April 4, 1995, a partner at Mr. Bressler's law firm proposed a draft Final Judgment and Consent and sent it to defendants' counsel, Edward Carroll. Not having heard a response from Mr. Carroll, Mr. Bressler wrote to him on April 19. Mr. Carroll failed numerous times to respond to Mr. Bressler's letters and phone calls. He also failed to appear at the May 18 pre-trial conference.

On September 5, 1995, Mr. Bressler served a Notice of Deposition for each defendant on Mr. Carroll; each notice specified a time and place for the respective defendant to appear for his or her deposition. Mr. Carroll never confirmed that defendants would or would not appear as requested. On September 14, Mr. Bressler spoke to an attorney at Mr. Carroll's office who conveyed to him Mr. Carroll's opinion that depositions were unnecessary and questioned the propriety of New York City as a deposition location; Mr. Bressler informed this attorney that he intended to move forward with the depositions in accordance with the notices. On September 15, Mr. Bressler received a letter from Mr. Carroll in which the latter expressed his desire to adjourn all four depositions indefinitely, in anticipation of settling the case, stated his intention to notify Mr. Bressler's office on or before September 22 with the results of a meeting with his clients, and stated his objections to the deposition locations.

Mr. Bressler proceeded with the depositions as scheduled on September 18, but none of the defendants or their representatives appeared. Nor did any defendant appear at the designated location and time for his or her deposition. On September 20, Mr. Bressler wrote Mr. Carroll to inform him that if the latter failed to send Mr. Bressler a duly executed Final Judgment of Consent, he would seek a default judgment and sanctions. As of October 27, Mr. Carroll had neither contacted Mr. Bressler regarding any settlement meeting he may have held with defendants nor delivered to him a Final Judgment of Consent.

An associate for Mr. Carroll, Ms. Beatrice Havranek, offers the following explanations of Mr. Carroll's apparently lackluster performance on this case. According to Ms. Havranek, when she spoke to Mr. Bressler on September 14, the two of them agreed to adjourn the defendants' depositions indefinitely because of the high probability that a settlement was imminent. She also claims to have told Mr. Bressler that if the parties failed to reach a settlement, defendants objected to travelling to New York City for their depositions. However, Ms. Havranek informs the Court that as she explained to Mr. Bressler during their September 14 telephone conversation, and as Mr. Carroll explained to him in a September 15 letter, defendants are ready and willing to be deposed somewhere within the Northern District of New York. Ms. Havranek was reportedly "astounded" to discover on September 20, through a letter from Mr. Bressler, that he had attended a deposition that the two of them had previously agreed to adjourn. She also claims that Mr. Carroll has obtained the defendants' consent to plaintiffs' proposed Final Judgment and Consent, but that Mr. Carroll's office will hold it until plaintiffs withdraw the current motion.

## II. Discussion

Having considered the materials before it, including Mr. Bressler's reply to Ms. Havranek's affidavit in opposition and Ms. Havranek's surreply, the Court is disinclined to grant plaintiffs' motion for a default judgment and sanctions.

■ According Fed.R.Civ.Pro. 37(d), in the event that a party fails to attend a deposition, the Court may, upon motion, to "make such orders in regard to the failure as are just. . . ." However, the sanction of dismissal—and the analogous sanction of default—is appropriate only in extreme circumstances,

"and then only when a court finds willfulness, bad faith, or any fault on the part of the deponent." *Jones v. Niagara Frontier Transp. Auth.,* 836 F.2d 731, 734 (2d Cir. 1987) (quoting *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986)), *cert. denied,* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988). Of course, as the Court recently demonstrated in *Mugler v. Mugler,* No. 94–CV–1327 (N.D.N.Y. November 1, 1995), it will impose sanctions when sanctions are clearly warranted, such as after a defendant plainly refuses to obey a magistrate judge's clear and legally sound discovery orders. *See Jones,* 836 F.2d at 735 (" '[I]n this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted.' ") (quoting *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1068 (2d Cir. 1979)). The Court notes that noncompliance with a court order is not a prerequisite to the imposition of sanctions pursuant to Rule 37. *Bowmar Instru. Corp. v. Continental Microsystems, Inc.,* 497 F.Supp. 947, 959 (S.D.N.Y. 1980).

■ Plaintiffs cite *Bowmar* to support their argument that the Court should enter a default judgment against defendants. In that case, the court entered a default judgment against the defendants after their failure to appear at a deposition or respond to requests for document production. However, *Bowmar* is factually dissimilar to the case at bar in two important respects. First, at the time the plaintiff had filed its motion, one of the *Bowmar* defendants had ceased operating and had no counsel. Second, the other defendant had already informed the plaintiff and the magistrate judge, by letter, of its intention to default on its discovery obligations.

The evidence of delay, miscommunication, and misunderstanding in the case at bar is quite different from the direct evidence of a defendant's intention to ignore discovery obligations at issue in *Bowmar.* While plaintiffs' submissions to the Court describe a dilatory, unresponsive and perhaps cagey defense strategy, defendants' submissions present two colorable excuses for failing to appear at depositions and demonstrate a willingness to settle this action out of court. Neither lawyers' dissatisfaction with opposing counsel's litigation tactics nor lawyers' conflicting interpretations of a telephone conversation to which they were the only parties present fair grounds for the harsh sanction of a default judgment.

**IT IS HEREBY ORDERED**

That plaintiffs' motion for a default judgment and sanctions is DENIED;

That in the event the parties fail to settle this case within ten (10) days of this Order, defendants are directed to schedule depositions to be held in the Northern District of New York within forty (40) days of this Order and defendants are directed to respond to plaintiffs' requests for document production within thirty (30) days of this Order. If defendants fail within the allotted time to schedule depositions, attend scheduled depositions, or fulfill reasonable requests for document production, plaintiffs may renew their motion for a default judgment and sanctions, or seek other appropriate dispositive or non-dispositive relief.

**IT IS SO ORDERED.**