Donna CARVALHO, Plaintiff,

v.

James REID, Defendant.

No. 90 CIV 7654(PKL),
91 CIV 0580(PKL).

United States District Court,
S.D. New York.

April 6, 2000.

---

Donna Carvalho, pro se.

Leonard A. Cohen, Assistant Attorney General, New York City, for Defendant.

### MEMORANDUM ORDER

LEISURE, District Judge.

Before the Court are plaintiff's objections to the Report and Recommendation ("Report") of the Honorable Nina Gershon[1] dated September 20, 1995, recommending dismissal of plaintiff's action. For the reasons stated below, the Court adopts Judge Gershon's Report in its entirety.

On October 10, 1995, the Court first reviewed Judge Gershon's Report, absent the objection of any party. Finding that the Report was "legally correct and proper," the Court adopted it in its entirety. Plaintiff allegedly mailed her objections to Judge Gershon's Report on October 7, but her submission was not received and docketed until October 18, more than one week after the Court had adopted the Report. Plaintiff appealed the Court's dismissal of her case, citing its failure to consider her objections despite their tardiness. On June 4, 1999, the Second Circuit vacated the Court's Order adopting the Report, and remanded the case for consideration of plaintiff's objections. *See Carvalho v. Reid,* 182 F.3d 898 (2d Cir. 1999).

---

1. Judge Gershon served as Magistrate Judge from 1976 to 1996, when she was appointed United States District Judge for the Eastern District of New York. Judge Gershon served as the Southern District's first Chief Magistrate Judge from 1992 to 1994.

In October 1999, defendant informed the Court that he was unable to locate a copy of plaintiff's original objections from 1995, and therefore was unable to respond to them. According to defendant—and later confirmed by the Court—the docketed copy of plaintiff's objections was missing from the official file of the Clerk of Court. At the Court's request, defendant attempted to procure a copy of the objections from Judge Gershon, from the Clerk's Office for the Second Circuit, and from plaintiff herself, but these efforts were unavailing. On October 8, 1999, the Court wrote to plaintiff and asked for her cooperation in securing a copy of the objections. This effort having failed, the Court on December 16, 1999, ordered plaintiff to submit a copy of her objections by January 14, 2000, or risk dismissal of her case. On January 13, plaintiff hand-delivered a letter to the Court announcing that there had been a fire in her house and that she had been ill, and that she therefore required extra time to deliver her objections. The Court granted plaintiff until February 4, 2000, to avoid dismissal of this action by delivering to the Court either: 1) a copy of her objections, or 2) documentation of a bona fide medical condition or other emergency that would prevent her from complying with the Court's orders. Late in the day on February 4, 2000, plaintiff delivered copies of her objections to defendant and to the Court. On February 25, 2000, defendant submitted his response to plaintiff's objections. The Court now proceeds to review Judge Gershon's Report in light of the objections raised by plaintiff.

Judge Gershon's conclusions regarding plaintiff's failure to cooperate with the Court and with her adversary in the conduct of this litigation are as apt today as they were in 1995. A copy of Judge Gershon's thorough Report and Recommendation is attached hereto and incorporated by reference. The Court again concurs with Judge Gershon's finding that plaintiff's repeated failure to comply with the Court's discovery orders justified dismissal pursuant to Fed.R.Civ.P. 37(b)(2), as it is abundantly clear that plaintiff's conduct in thwarting discovery was, at the very least, willful. *See, e.g., Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986). Although the Second Circuit has admonished the district courts to extend a "special solicitude" to *pro se* litigants, *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988) (Feinberg, C.J.), it is a necessary corollary that district court discovery orders *must be obeyed,* and "willful intransigence" will result in the dismissal of a *pro se* plaintiff's action with prejudice. *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994) (per curiam).[2] The *Valentine* court cites with approval *Jones v. Niagara Frontier Transp. Auth.,* 836 F.2d 731, 735 (2d Cir.1987), *cert. denied,* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988) ("[I]n this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where ... they are clearly warranted.") (internal quotes omitted). *See Valentine,* 29 F.3d at 50. "[T]he requisite 'element of willfulness or conscious disregard' for the discovery process ... justifies the sanction of dismissal." *Founding Church of Scientology of Washington, D.C., Inc. v. Webster,* 802 F.2d 1448, 1458 (D.C.Cir.1986) (citations omitted), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987). These basic concepts are thoroughly discussed by the Second Circuit in *Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2 (2d Cir.1997) (per curiam).

In its June 4, 1999, Summary Order, the Second Circuit found that "the unusual circumstances of this case warrant a remand in the interest of justice so that the district court may consider Carvalho's objections to the magistrate's report." Mindful of the "special solicitude" accorded to *pro se* plaintiffs, the Court has extended numerous courtesies to plaintiff over the past six months, declining to dismiss her case despite her repeated refusal to deliver a copy of her objections to the Court. The Court has at long last reviewed plaintiff's objections to Judge Gershon's Report, and despite their prodigious length—119 pages in all—they fail to present a single argument that would justify a result other than that reached by

---

2. It is also clear that plaintiff was warned by the Court that failure to follow the Court's orders could result in dismissal of this action. *See, e.g.,* Report at 2, 3.

Judge Gershon. Although plaintiff's objections attempt to negate the finding that her failure to comply with discovery in violation of Fed.R.Civ.P. 37 was willful, or otherwise in bad faith, Judge Gershon and the Court have in the past entertained these same arguments, and four times granted plaintiff an additional opportunity to be deposed by defendant. While plaintiff might argue that a fifth bite of the apple is warranted, the Court finds that plaintiff has been given ample opportunity to cooperate with her adversary and the Court. Moreover, her uncooperative and dilatory conduct in the past six months gives the Court no reason to believe that granting plaintiff another chance to cooperate with defendant's discovery efforts would serve any useful purpose.

Thus, for the sound reasons stated therein, the Court adopts Judge Gershon's Report and Recommendation dated September 20, 1995, dismissing plaintiff's action in its entirety. As previously indicated, a copy of Judge Gershon's Report and Recommendation is attached hereto and incorporated by reference.

**SO ORDERED.**

### REPORT AND RECOMMENDATION

GERSHON, United States Magistrate Judge.

Defendant James Reid moves, under Rule 37(b)(2)(C) and 37(d) of the Federal Rules of Civil Procedure to dismiss these actions on the ground that plaintiff has failed to cooperate in discovery.

### FACTS

By Order dated October 13, 1994, plaintiff was directed to appear to be deposed on November 21, 1994 or face dismissal of her actions due to her repeated failure to appear for her deposition.[1] The October 13th Order provided as follows:

1. Prior the October 13th Order, plaintiff failed to attend two scheduled depositions. She then requested an extension of the discovery deadline, which was granted by Order dated March 24, 1994, with the condition that plaintiff could not seek any discovery from defendant until she first appeared for her deposition. On March 30, 1994

In light of plaintiff's *pro se* status and her representation in her papers in opposition to the motion to dismiss that she is willing to be deposed, I will not at this time recommend dismissal of the case. However, although plaintiff offers explanations for her failure to appear at the three scheduled depositions, it is clear that she has not cooperated with defendant in the scheduling of her deposition. In light of plaintiff's apparent unwillingness to proceed with her deposition in a timely fashion, plaintiff is hereby ordered to appear to be deposed on November 21, 1994.... Plaintiff is directed to accommodate her schedule in order to be deposed on this date and nothing short of a bona fide medical emergency supported by documentation will provide excuse for her failure to appear. If plaintiff fails to appear for her deposition on this date, then, on an affidavit from defendant's counsel to that effect, I will recommend that plaintiff's actions be dismissed under Rule 37(d) of the Federal Rules of Civil Procedure.

Plaintiff appeared at the offices of defendant's counsel on November 21, 1994, and sought, over the objection of defense counsel, to videotape the deposition using her own videotape equipment. The parties sought a telephonic ruling. Plaintiff's request to videotape the deposition was denied for failure to provide proper notice to the defendant, as required by Rule 30(b)(3) of the Federal Rules of Civil Procedure, and for failure to arrange to have the videotaping conducted by an appropriate person, as required by Rules 30(b)(4) and 28(c).[2] Plaintiff's request to adjourn the deposition in order to appeal the decision was also denied, and plaintiff was directed to go forward with the deposition or face the sanction of dismissal of her actions. Deft.'s Ex. G at 6–10.

During the deposition, plaintiff refused to answer questions about her education and prior work history. Deft.'s Ex. G at 15–17.

defendant served plaintiff with a Notice of Deposition for April 25, 1994; again, plaintiff did not appear.

2. The oral ruling was confirmed by Order dated November 23, 1994.

The Court was again contacted for a ruling; plaintiff was informed that she could make objections to the questions but that she was required to answer them. Deft.'s Ex. G at 61–64. Plaintiff informed defense counsel that she had to leave the deposition at 1:00 p.m. in order to pick up her child from school at 2:00 p.m.; she represented that her child would be endangered if she was not able to pick him up. Deft.'s Ex. G at 63. With consent of defense counsel, and permission of the Court, the deposition was adjourned on the condition plaintiff appear for completion of the deposition on December 5, 1994.

On December 5, 1994, plaintiff again arrived with videotape equipment and, instead of proceeding with the deposition, contacted Judge Leisure's chambers to appeal the determination that she would not be permitted to self-videotape the deposition. Judge Leisure ruled that plaintiff would not be permitted to videotape her own deposition and warned plaintiff that failure to follow the Court's orders would result in sanctions. Deft.'s Ex. H at 108–09, 117–20. Plaintiff then stated that she had to leave at 11:45 a.m. in order to pick up her child. Deft.'s Ex. H at 120–22.

During the approximately fifteen minutes that remained, defense counsel attempted to question plaintiff about her education and work history. Deft.'s Ex. H at 120–22. Plaintiff again refused to answer the questions. Deft.'s Ex. H at 123–26. Defense counsel reminded plaintiff of the Court's ruling that she must answer the questions (Deft.'s Ex. H at 126), and then asked the following questions:

Q. Do you recall any jobs you ever held, other than working for the Department of Environmental Conservation?

A. Ma'am, I've held many, many jobs since I was 13 years of age, and I don't recall each and every one of them. I told you, if you want a listing of those jobs, to contact the Department of Social Security.

Q. Okay. Where did you go to high school?

A. That's irrelevant.

Q. What year did you graduate from high school?

A. I don't recall.

Q. Did you go to college?

A. That too is irrelevant. You have all of this information in my work files, ma'am. Why play games? You're wasting valuable time here.

Q. I don't have your work files, I'm asking you the question.

Deft.'s Ex. H at 127. Plaintiff and defense counsel then had telephonic conversations with the law clerk to Judge Leisure and with my law clerk. Plaintiff stated that she could not continue with the deposition because she had to pick up her child, and defense counsel informed the Court of her intention to make a written application for sanctions. It was agreed that plaintiff and defendant's counsel would attempt to schedule a date for continuing the deposition pending the filing of a motion for sanctions by defendant's counsel.[3] Deft.'s Ex. H at 129 *et seq.*

### DISCUSSION

Under Rule 37(b)(2), sanctions, including dismissal of the complaint, can be imposed for failure of a party "to obey an order to provide or permit discovery."[4] "'[D]ismissal under Fed.R.Civ.P. 37, is a drastic penalty which should be imposed only in extreme circumstances,'" as when the failure to comply with a pretrial production order is due to willfulness, bad faith, or any fault of the deponent. *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986) (quoting

---

**3.** Plaintiff, in her "Request to Deny Defendant's Motion to Dismiss and Requests to Grant Videotaping of Depositions by Plaintiff and Remove Bar to Plaintiff's Effecting Discovery," argues that subsequent attempts to schedule the continuation of the deposition pending defendant's filing of a motion to dismiss were unsuccessful because of defendant's conduct. Angela M. Cartmill, Esq., counsel for defendant, disputes plaintiff's representations in her Reply Affidavit in Support of Motion to Dismiss. Determination of the pending motion does not require resolution of this dispute.

**4.** Defendant also seeks dismissal under Rule 37(d). However, as the Court of Appeals for the Second Circuit noted in *Salahuddin v. Harris,* 782 F.2d 1127, 1131 (2d Cir.1986), where the deponent physically appears at the deposition, dismissal under Rule 37(d) is inappropriate.

*Israel Aircraft Indus., Ltd. v. Standard Precision,* 559 F.2d 203, 208 (2d Cir.1977)).

That a plaintiff is not represented by counsel is not a bar to dismissal. *Minotti v. Lensink,* 895 F.2d 100, 103 (2d Cir.1990); *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121 (2d Cir.1988); *Valentine v. Museum of Modern Art,* 29 F.3d 47 (2d Cir.1994) (harsh sanction of dismissal may be imposed against plaintiff proceeding *pro se* ). However, when the plaintiff is proceeding *pro se,* dismissal will be justified only when he or she frustrates the process of litigation deliberately and not through mere misunderstanding. *Salahuddin,* 782 F.2d at 1132; *Dukes v. New York City Police Commissioner Ward,* 129 F.R.D. 478, 481 (S.D.N.Y.1990).

Plaintiff appeared at her deposition on November 21, 1994 only after her failure to appear for three prior depositions resulted in an order that she appear or face dismissal of her actions. Although plaintiff did appear on that date, she made herself available for only a limited time without any prior notice to defense counsel or the Court that she would be unable to remain for the entire day. An adjournment was permitted only on the condition that plaintiff appear to continue her deposition on December 5th. After Judge Leisure rejected her telephonic appeal of my ruling that she could not self-videotape her own deposition, she continued to refuse to answer questions about her education and work history which she had been ordered to answer. *See McDonald,* 850 F.2d 121 (affirming dismissal of *pro se* complaint for failure of plaintiff to answer questions at deposition after being ordered to do so). That she disagreed with the Court's orders provided no basis for failure to comply with them. As the court in *McDonald* noted, *pro se* litigants, like those represented by counsel, have an obligation to comply with court orders and "[a]n order issued by a court must be obeyed, even if it is later shown to be erroneous. 'If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.'" 850 F.2d at 124 (quoting *Maness v. Meyers,* 419 U.S. 449, 458, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975)).

Considering all the circumstances and history of this case, *see Jones v. Niagara Frontier Transportation Authority,* 836 F.2d 731, 735 (2d Cir.1987), *cert. denied,* 488 U.S. 825, 109 S.Ct. 74, 102 L.Ed.2d 50 (1988), plaintiff's refusal to obey this Court's orders warrants dismissal of her actions.

Copies of this report are being mailed today to plaintiff *pro se* and defendant's counsel who are hereby put on notice that any objections to this report must be made in conformity with 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thus, a party must serve and file, with a copy to me, specific written objections to the report within ten (10) days after being served with a copy of this report. A party that fails to file timely objections waives the right to further judicial review, including appellate review, of the decision. *Small v. Secretary of HHS,* 892 F.2d 15, 16 (2d Cir.1989). *See Thomas v. Arn,* 474 U.S. 140, 148–53, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988). Any requests for extensions of time to file objections should be made to Judge Leisure.

Dated: New York, New York
September 20, 1995