10-3613-cv
Shcherbakovskiy v. Seitz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

_____

GRIGORY SHCHERBAKOVSKIY,

             *Plaintiff-Counter-Defendant-Appellant*,

             -v-                                        10-3613-cv

HOWARD G. SEITZ, DA CAPO AL FINE, LTD.,

             *Defendants-Counter-Claimants-Appellees.*

_____

Appearing for Appellant:     Roger J. Bernstein, Eugene A. Gaer, New York, NY.

Appearing for Appellees:     Aaron M. Zeisler, James Regan, Satterlee Stephens Burke & Burke LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Patterson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Grigory Shcherbakovskiy appeals from the reinstatement of a default judgment against him and the dismissal of his complaint as sanctions under Federal Rule of Civil Procedure 37(b) for his noncompliance with the district court's discovery orders. He appeals also the denial of his motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review the district court's imposition and choice of sanction for such violations under an abuse of discretion standard. *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d Cir. 1987). "Whether a litigant was at fault or acted willfully or in bad faith are questions of fact, and we review the District Court's determinations for clear error." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (*per curiam*).

When evaluating a district court's exercise of its discretion in imposing the sanction of dismissal, we may consider "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302 (internal quotation marks omitted). "[T]hese factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). The district court is "not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Id.* at 148.

The parties have already been before this Court in connection with the same discovery orders. In *Shcherbakovskiy v. Da Capo Al Fine Ltd.*, 490 F.3d 130 (2d Cir. 2007) ("*Shcherbakovskiy I*"), we vacated the default judgment and dismissal of complaint that had been entered against appellant as sanctions for his failure to produce, *inter alia*, relevant documents of Independent Power Technologies ("IPT"), a Russian company for which he served as chairman and in which he was a minority shareholder. Before the district court, Shcherbakovskiy contended that his withholding of the relevant documents was justified because (1) the production of the documents would violate Russian law, and (2) the IPT board voted to deny his request to produce the documents. *Id.* at 134. The district court rejected Shcherbakovskiy's arguments, briefly providing the reasoning for its decision during a December 2, 2003 hearing. *Id.* at 135.

Finding that there was insufficient support in the record for the district court's sanction, we vacated it and remanded for further proceedings. *Id.* at 138-39. We directed the district court on remand to consider whether Russian law prohibited appellant from obtaining and producing the documents he had failed to produce. If it concluded that there was no such bar, the district court was directed to determine whether "IPT is his *alter ego* or his investment in it is sufficient to give him undisputed control of the board," such that he "control[led]" the documents for purposes of Fed. R. Civ. P. 34, and therefore would be obligated to produce them. *Id.* at 139. In *Shcherbakovskiy I*, we "emphasize[d] that there may be a plausible explanation that supports the dismissal and default judgment entered by the district court," but noted that we could not conclude that the sanction was appropriate "[w]ith no findings or explanation from the district

2

court." *Id.* at 140.

On remand, the district court properly applied our direction in *Shcherbakovskiy I*. It did not err in determining that Russian law permitted compliance with the discovery order. Nor was its factual determination that appellant controlled IPT and accordingly controlled the relevant documents clearly erroneous. In addition, the district court considered whether lesser sanctions would be appropriate, and determined that they would not be. The district court reasonably concluded that "lesser sanctions would have been futile." *Shcherbakovskiy v. Seitz*, 2010 WL 3155169, *13 (S.D.N.Y. 2010). The court similarly found that giving Shcherbakovskiy additional time to comply would have been fruitless. Although "[d]ismissal under Rule 37 is an extreme sanction," it is an appropriate penalty when "the failure to comply with a pretrial production order is due to willfulness, bad faith, or any fault of the [litigant]." *Jones*, 836 F.2d at 734 (internal quotation marks omitted). Given the district court's factual findings, none of which were clearly erroneous, the district court did not abuse its discretion in determining that appellant acted willfully and in bad faith in his noncompliance with the discovery order and in choosing to impose the sanction of dismissal and award of a default judgment.

We have examined appellant's remaining arguments and find them to be without merit or to be moot in light of the disposition of his principal claim.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3