DLD-295                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2147
_____

MARK C. MEADE,
                    Appellant

v.

KIDDIE ACADEMY DOMESTIC FRANCHISING, LLC; CIT GROUP INC;
WILLIAM ENDRES; GREGORY HELWIG; MICHAEL MILLER; STEVEN TROY;
SUSAN WISE; MARK E. MORENO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-11-cv-04077)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before:  AMBRO, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: October 15, 2012)
_____

OPINION
_____

PER CURIAM

        Mark C. Meade, proceeding pro se, appeals from an order of the United States

District Court for the District of New Jersey dismissing his complaint.  Because this

appeal does not present a substantial question, we will summarily affirm the District

Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

In March 2006, Meade established the Dasoda Corporation ("Dasoda") in order to

open a franchise of Kiddie Academy Domestic Franchising LLC ("Kiddie Academy"), a

franchisor of child care learning centers. That November, Dasoda and Kiddie Academy

entered into a franchise agreement for the operation of a center in Jackson, New Jersey.

CIT Group loaned Dasoda funds to purchase and operate the franchise. It appears that

Dasoda's business venture was unsuccessful.

Meade initially filed the underlying complaint in the Superior Court of New

Jersey, Law Division, Morris County, against Kiddie Academy and several of its

employees (the "Kiddie Academy Defendants").[1] Meade claimed that the Kiddie

Academy Defendants made various fraudulent statements and misrepresentations in order

to induce him to sign the franchise agreement. For example, Meade claimed that the

Kiddie Academy Defendants had grossly overstated the financial performance data and

misrepresented the costs of operating the business. Meade also claimed that the Kiddie

Academy Defendants had breached various terms of the agreement by, for example,

---

[1] This is Meade's second complaint against these defendants. On February 16, 2011, he commenced an action in the District Court that contained many of the same allegations, but, by order entered October 25, 2011, the District Court dismissed the complaint on the grounds that Meade failed to satisfy the applicable pleading requirements, he lacked standing to file the suit, his claims were subject to arbitration provisions in the franchise agreement, and the District Court was the wrong forum for his action. Meade v. Kiddie Academy Domestic Franchising, No. 11-cv-0900, 2011 WL 5104501 (D.N.J. Oct. 25, 2011).

failing to assist him with finding a location for his franchise, and failing to assist with teacher instruction, classroom set up, training, and licensing requirements. Meade's complaint set forth a host of other alleged wrongdoings by the Kiddie Academy Defendants, including violations of state consumer rights laws, federal racketeering violations, bank fraud, and more. Meade sought approximately eight million dollars in damages from the Kiddie Academy Defendants, as well as an injunction to stop the sale of all Kiddie Academy franchises in the state of New Jersey. In addition to the Kiddie Academy Defendants, Meade also named as defendants CIT Group and one of its former employees (the "CIT Group Defendants"). Meade sought more than two million dollars in damages from the CIT Group Defendants. The Kiddie Academy Defendants removed the complaint to the District Court on July 15, 2011.

The Kiddie Academy Defendants moved to dismiss the complaint on the grounds that, inter alia, Meade did not have standing to seek damages for injuries sustained by Dasoda. The CIT Group Defendants also filed a motion to dismiss, arguing that Meade's purported fraud allegations did not satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). By order entered March 28, 2012, the District Court granted the defendants' motions and dismissed the complaint. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal order. Marcavage v. Nat'l Park Serv., 666 F.3d 856, 858 (3d Cir. 2012). Dismissal is proper if a party fails to allege sufficient factual matter, which if accepted as true, could "state a claim to relief that is plausible on

3

its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly granted the Kiddie Academy Defendants' motion to dismiss. We need not address each basis for the District Court's decision to dismiss the complaint, as it is clear to us that Meade lacked standing to pursue this suit. It is well established that, absent a direct individual injury, the president and principal shareholder of a corporation lacks standing to sue for an injury to the corporation. See, e.g., Jones v. Niagara Frontier Transp. Authority (NFTA), 836 F.2d 731, 736 (2d Cir. 1987) (explaining that, even though the plaintiff shareholder may have faced the risk of financial loss as a result of injuries to the corporation, "[a] shareholder—even the sole shareholder—does not have standing to assert claims alleging wrongs to the corporation"). Because Meade's claims all involved injuries to Dasoda stemming from the franchise agreement between Dasoda and Kiddie Academy, and because Meade did not allege that the Kiddie Academy Defendants took any actions against him in his individual capacity, he did not have standing to sue for injuries sustained by Dasoda.

The District Court also properly granted the CIT Group Defendants' motion to dismiss. We have reviewed the complaint, and agree with the District Court that Meade failed to specifically identify any wrongful act or omission by either CIT Group or its employees. Therefore, for substantially the same reasons provided by the District Court, Meade failed to comply with the pleading requirements of Rule 9(b). See Fed. R. Civ. P.

4

9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); see also In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 348 (3d Cir. 2010) (discussing the "heightened pleading requirements" of Rule 9(b)).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. See 3d Cir. I.O.P. 10.6. We have considered Meade's arguments in support of the appeal and conclude that they are without merit. Accordingly, we will summarily affirm the District Court's judgment.