18-3261-cv
*Liberty Sackets Harbor LLC v. Vill. of Sackets Harbor*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand nineteen.

PRESENT:   DENNY CHIN,
                     SUSAN L. CARNEY,
                               *Circuit Judges*,
                     BRENDA K. SANNES,
                               *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LIBERTY SACKETS HARBOR LLC, RIVER
NORTH, LLC, PHILIP J. SIMAO,

                               *Plaintiffs-Appellants*,

                     v.                                                      18-3261-cv

VILLAGE OF SACKETS HARBOR, its Village Board,
and its Planning Board, JANET QUINN, Planning
Board Chairperson, DAVID B. GEURTSEN,
individually, CONBOY, MCKAY, BACHMAN &
KENDALL, LLP,

                               *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*]        Judge Brenda K. Sannes, of the United States District Court for the Northern District of New York, sitting by designation.

FOR PLAINTIFFS-APPELLANTS:　　　　　David C. Temes, Lynn D'Elia Temes & Stanczyk, Syracuse, New York.

FOR DEFENDANTS-APPELLEES VILLAGE OF SACKETS HARBOR, ITS VILLAGE BOARD and PLANNING BOARD, JANET QUINN, and DAVID B. GUERTSEN:　　　　　David H. Walsh IV, Barth Sullivan Behr, Syracuse, New York.

FOR DEFENDANT-APPELLEE CONBOY, McKAY, BACHMAN & KENDALL, LLP:　　　　　Peter L. Walton, Conboy, McKay, Bachman & Kendall, LLP, Watertown, New York.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Liberty Sackets Harbor LLC ("Liberty") and its members River North LLC and Philip Simao (collectively, "plaintiffs") appeal from a judgment of the district court entered September 25, 2018, in favor of defendants-appellees Village of Sackets Harbor (the "Village"), its board, planning board, planning board chairperson, and counsel, as well as its counsel's law firm, Conboy, McKay, Bachman & Kendall, LLP ("CMBK," and collectively, "defendants"). By decision and order dated September 26, 2018 (but entered September 25, 2018), the district court granted defendants' motions to dismiss the complaint, which alleged constitutional violations arising from the Village's denial of plaintiffs' application to subdivide certain

real property, for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), *Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014). Upon such review, we conclude that the district court properly granted defendants' motions to dismiss for substantially the reasons set forth in its September 26, 2018 decision and order.

First, plaintiffs' federal constitutional claims are not ripe for adjudication. Under the two-pronged test for determining whether a takings claim is ripe, which has also been applied to due process, equal protection, First Amendment, and discrimination claims in the context of land-use disputes, a plaintiff must first show that the government entity charged with enforcing the regulations at issue has rendered a final decision. *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186-87 (1985) (takings); *see also Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 96-97 (2d Cir. 1992) (substantive due process); *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 352 (2d Cir. 2005) (First Amendment); *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 516 (2d Cir. 2014) (procedural due process); *Sunrise Detox V, LLC*, 769

F.3d at 122 (discrimination).[1]  Here, plaintiffs essentially concede that the Village has

not rendered a final decision on their subdivision application as they contend that they

are excepted from seeking a final determination because doing so would be futile.  We

disagree.  Plaintiffs fail to allege facts demonstrating that the defendants had "dug in

[their] heels and made clear that all such applications will be denied."  *Sherman*, 752 F.3d

at 561 (internal quotation marks omitted).  Indeed, as the district court noted, the

complaint does not allege that plaintiffs had applied for a variance from the new zoning

regulation or that the Village lacked discretion to grant a variance.  Moreover, the

complaint alleges that the zoning dispute was resolved in January 2015 with plaintiffs

agreeing to reduce the number of subdivisions in their application.  Accordingly, we

conclude that plaintiffs' federal constitutional claims are premature.

Second, Simao lacks standing to pursue his First Amendment retaliation

claim because, absent a direct individual injury, a company's member lacks standing to

sue for an injury to the company.  *See Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d

731, 736 (2d Cir. 1987) (although a shareholder may be personally aggrieved or suffer

financial loss as a result of injuries to a corporation, "[a] shareholder -- even the sole

shareholder -- does not have standing to assert claims alleging wrongs to the

corporation").  Therefore, because Simao's emotional distress and legal expenses

---

[1]     Because defendants removed plaintiffs' takings claim from state court to federal court, the second prong of the ripeness inquiry requiring state compensation is waived, *Sherman*, 752 F.3d at 563-64, and thus we need not consider its applicability here.

indirectly stem from the alleged harm to Liberty, the owner of the land at issue, and because he does not allege an injury independent of Liberty's injuries, Simao does not have standing to assert his retaliation claim.

Third, the district court properly dismissed plaintiffs' claims against CMBK on the ground that the complaint fails to plausibly allege that CMBK is a state actor. Indeed, in the trial court, plaintiffs conceded that the complaint failed to allege that CMBK was a state actor, as it acknowledged that the question "cannot be determined upon the Pleadings," and instead it argued that discovery was required to determine the extent of CMBK's collaboration with the Village. App'x at 80 (quoting Docket No. 13 at 18). We, however, do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). We therefore conclude that plaintiffs' claims against CMBK fail as a matter of law. *See Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a [42 U.S.C.] § 1983 claim against the private entity.").[2]

Finally, with the exception of plaintiffs' state claims against CMBK, the district court declined to exercise supplemental jurisdiction over their state

---

[2] We decline to consider plaintiffs' allegation that CMBK is responsible for the actions of its employee under the theory of respondeat superior as it was raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

constitutional claims.  As we have affirmed the dismissal of plaintiffs' federal law claims, we agree that the district court did not err in declining to exercise jurisdiction over the remaining state law claims.  *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) ("[W]hen a district court correctly dismisses all federal claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court is thereby precluded from exercising supplemental jurisdiction over related state-law claims."); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (per curiam) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." (internal quotation marks omitted)).  As to the state constitutional claims against CMBK, we agree that the district court properly dismissed those claims for substantially the reasons set forth in its decision.

\* \* \*

We have considered plaintiffs' remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk