Kowalczyk v. Barbarite

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> SUSAN L. CARNEY,
> > *Circuit Judges*.

――――――――――――――――――――――――――――――――

JOSEPH KOWALCZYK; ALIL PERICIC,

> *Plaintiffs-Appellants*,

v.                                        No. 12-4343

JOHN BARBARITE; GORDON JENKINS;
VILLAGE OF MONTICELLO, a municipality of
the State of New York,

> *Defendants-Appellees*,

SUE FLORA,

> *Defendant.*

――――――――――――――――――――――――――――――――

1

For Plaintiffs-Appellants:                    Gerald Orseck, Orseck Law Offices PLLC, Liberty, NY.

For Defendants-Appellees:                    Richard S. Sklarin, Miranda Sambursky Slone Sklarin Verveniotis LLP, Elmsford, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joseph Kowalczyk appeals from the September 26, 2013 judgment of the district court (Ramos, *J.*), which dismissed all of his claims against Defendants-Appellees John Barbarite, Gordon Jenkins, and the Village of Monticello as not ripe for adjudication.[1] On appeal, Kowalczyk argues that the district court improperly dismissed his substantive due process, procedural due process, and equal protection claims as unripe. Because we agree that Kowalczyk's claims predicated on these violations are not ripe, we affirm the judgment of the district court dismissing these claims. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Kowalczyk challenges the district court's dismissal of his constitutional claims on two grounds. First, Kowalczyk argues that the district court improperly applied the ripeness standards first articulated in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City* ("*Williamson*"), 473 U.S. 172 (1985), and later extended by several decisions of this Court. In relevant part, the doctrine, as established in this Circuit, requires a party to obtain a

---

[1] A second plaintiff-appellant, Alil Pericic, did not file a brief in support of his appeal, and Kowalczyk's counsel, who also represents Pericic on appeal, stated in Kowalczyk's brief that "Pericic does not appeal." Appellant's Br. 2.

final determination from a local land-use governing body before bringing certain types of constitutional challenges based on land-use disputes. Second, Kowalczyk contends that, even if the *Williamson* ripeness doctrine applies to the claims at issue, his failure to obtain a final decision on a variance application should be excused under the futility exception to the final-decision requirement.

We review de novo both a district court's grant of a motion for summary judgment and its determination on ripeness. *See Guippone v. BH S & B Holdings LLC*, 737 F.3d 221, 225 (2d Cir. 2013); *Sunrise Detox V, LLC v. City of White Plains*, No. 13-2911, -- F.3d --, 2014 WL 4922130, at *3 (2d Cir. Oct. 2, 2014). Since ripeness is a jurisdictional inquiry, *see, e.g.*, *Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 110 (2d Cir. 2009), a district court "must presume that [it] cannot entertain [a plaintiff's] claims unless the contrary appears affirmatively from the record." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (internal quotation marks omitted).

In *Williamson*, the Supreme Court articulated a two-prong ripeness test applicable to Takings Clause claims arising from local land-use disputes. First, the local regulatory body must render a "final decision" on the matter. *Williamson*, 473 U.S. at 186. Second, a plaintiff is required to seek compensation through an available state procedure before bringing suit in federal court. *Id.* at 194.[2] After the Supreme Court decided *Williamson*, the Second Circuit extended the doctrine to certain other constitutional claims, including substantive due process and equal protection challenges relating to land-use disputes. *See, e.g.*, *Dougherty v. Town of N.*

---

[2] The district court did not base its ripeness determination on this *Williamson* prong, so we need not consider its applicability here.

3

*Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002). Further, this Court has made clear that procedural due process claims are unripe if they are based on the same set of facts as unripe substantive due process and takings claims. *See, e.g.*, *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 515–16 (2d Cir. 2014); *Dougherty*, 282 F.3d at 88–89.

For a claim covered by the *Williamson* doctrine to be ripe, a plaintiff must establish that the local land-use governing body rendered a final decision. In practice, the final-decision requirement "conditions federal review on a property owner submitting at least one meaningful application for a variance." *Murphy*, 402 F.3d at 348; *see also Williamson*, 473 U.S. at 190. However, in certain narrow instances, the absence of a final decision regarding a variance may be excused. The relevant exception in the context of this appeal is futility, which occurs "when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Murphy*, 402 F.3d at 349; *see also Sherman v. Town of Chester*, 752 F.3d 554, 561 (2d Cir. 2014).

Under existing Circuit precedent, the final-decision requirement of the *Williamson* doctrine applies to Kowalczyk's claims alleging substantive due process and equal protection violations arising from local zoning disputes. *See Dougherty*, 282 F.3d at 88–89. Kowalczyk does not deny that he failed to obtain a final decision from Monticello's Zoning Board of Appeals on an application for a zoning variance. Kowalczyk does argue, however, that those claims satisfied the final-decision requirement and became ripe upon the evictions of tenants from his apartments in 2008. But we find that Kowalczyk's substantive due process and equal protection claims did not ripen after those evictions because the local land-use governing body had not reached a final determination as to the permitted use of his property or whether the

4

eviction was justified. Because the Zoning Board of Appeals has the authority to determine whether zoning regulations were properly applied, *see* N.Y. Town Law § 267-b, the district court correctly concluded that Kowalczyk's failure to seek a variance left "undetermined the permitted use of the property in question," *Murphy*, 402 F.3d at 353.

We also see no reason that, under existing Circuit precedent, the *Williamson* final-decision requirement would not apply to Kowalczyk's claims asserting procedural due process violations.

Kowalczyk's procedural due process claims are unripe to the extent that they seek either to collect damages based on or to challenge the same land-use decisions as his substantive due process and equal protection claims do. *See Kurtz*, 758 F.3d at 516; *Dougherty*, 282 F.3d at 88–89. The rationale behind this requirement is to prevent a party from artfully pleading a claim in a way that circumvents the *Williamson* ripeness bar. *Kurtz*, 758 F.3d at 516. Accordingly, any procedural due process claims emanating from the Village's denials of permits or of certificates of occupancy are unripe for the same reasons that other related claims alleging constitutional violations based on those decisions are also unripe.

Additionally, Kowalczyk asserts that he was denied both pre- and post-deprivation process based on the eviction of tenants in 2008 from his property at 37–39 High Street. Because he did not plead claims based on procedural due process violations in his complaint,[3] Kowalczyk does not specify what relief he requests for any alleged violations. But it does appear clear from

---

[3] For purposes of this appeal, we assume *arguendo* that Kowalczyk would be permitted to amend his complaint to assert claims based on procedural due process violations, as the district court assumed below.

the record that any deprivation that Kowalczyk might have suffered based on his tenants' evictions is not ongoing because Kowalczyk has received several valid certificates of occupancy in and after 2009. Because the deprivations are not ongoing, Kowalczyk cannot seek injunctive relief to restore the pre-eviction status quo or to force local officials to provide adequate process. Instead, he is limited to seeking damages for any erroneous deprivation resulting from inadequate process, as well as possible nominal damages for any inadequate process that did not result in erroneous deprivation. *See, e.g.*, *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978); *Kassim v. City of Schenectady*, 415 F.3d 246, 250 (2d Cir. 2005).

Because Kowalczyk can seek only damages for any deprivation here, we find that the final-decision requirement applies and has not been satisfied as to Kowalczyk's procedural due process claims arising from his tenants' 2008 evictions. As this Court has recently explained, and as is true here, "[r]egardless of the basis of the claim that the local action violated federal rights, the relief sought brings the case squarely within the compass of *Williamson County* and its progeny." *Sunrise Detox*, 2014 WL 4922130, at \*4. For Kowalczyk to recover non-nominal monetary damages resulting from the evictions, he must show not only that he was denied procedural due process, but also that the resulting deprivation was erroneous. To grant Kowalczyk's requested relief, the Court must therefore determine whether the local land-use body correctly decided the relevant zoning disputes and properly applied its zoning laws — the exact determinations that a court would need to make to resolve Kowalczyk's substantive due process and equal protection claims. Accordingly, the same final-decision requirement that would otherwise govern constitutional claims based on local land-use decisions applies with equal force to Kowalczyk's procedural due process claims arising from the 2008 evictions.

6

Finally, we are not persuaded that Kowalczyk's failure to obtain a final decision on a variance application should be excused for futility. In asserting futility, Kowalczyk relies on evidence of hostility by certain local officials regarding his zoning compliance. However, Kowalczyk fails to connect any of this hostility to the Zoning Board of Appeals, the body charged with deciding such an application. The district court correctly concluded that Kowalczyk's evidence of hostility, standing alone, fails as a matter of law to demonstrate that the Zoning Board of Appeals had "dug in its heels and made clear that all such applications will be denied." *Sherman*, 752 F.3d at 561 (internal quotation marks omitted).

We have considered Kowalczyk's remaining arguments as to the ripeness of his claims and find them to be without merit. Accordingly, the district court's judgment dismissing Kowalczyk's claims is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk