13-3900-cv
Kurtz v. Verizon New York, Inc.

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: April 11, 2014     Decided: July 16, 2014)

Docket No. 13-3900-cv

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JACK KURTZ, on behalf of himself and
all others similarly situated, JOSEPH
GRILLO, husband, VIVIAN GRILLO, wife,
JEFF MICHAELS, husband, BARBARA
MICHAELS, wife, 31-11 30TH AVE LLC,
AGRINIOS REALTY INC., K.A.P. REALTY
INC., LINDA DAVIS, PETER BLIDY,
VASILIOS CHRYSIKOS, 3212 ASTORIA BLVD.
REALTY CORP., MNT REALTY LLC, ANTHONY
CARDELLA, BRIAN CARDELLA, 46-06 30TH
AVENUE REALTY CORP., CATHERINE PICCIONE,
CROMWELL ASSOC. LLC,

Plaintiffs-Appellants,

- v.-

VERIZON NEW YORK, INC., FKA NEW YORK
TELEPHONE COMPANY, VERIZON
COMMUNICATIONS INC., IVAN G. SEIDENBERG,
LOWELL C. McADAM, RANDALL S. MILCH,

JOHN DOES,

                         <u>Defendants-Appellees</u>.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


        Before:                JACOBS, CALABRESI and LIVINGSTON, <u>Circuit</u> <u>Judges</u>.

        The Plaintiffs-Appellants, a putative plaintiff class of property owners in New York, appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, <u>J.</u>), dismissing their takings and due process claims as unripe under the two-part test in <u>Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City</u>, 473 U.S. 172 (1985).  We conclude that 1) <u>Williamson County</u> applies to physical takings claims as it does to regulatory takings, with the recognition that an allegation of a physical taking satisfies the finality requirement; and 2) <u>Williamson County</u> applies to procedural due process claims arising from the same circumstances as a takings claim.  Affirmed.

---

        [*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

DAVID M. WISE, Law Offices of David M. Wise, P.A., Cranford, NJ, for Plaintiffs-Appellants.

PATRICK F. PHILBIN (John S. Moran, on the brief), Kirkland & Ellis LLP, Washington, DC, for Defendants-Appellees.

DENNIS JACOBS, Circuit Judge:

New York allows telecommunications companies to exercise the state's eminent domain powers to facilitate the construction and maintenance of telecommunications networks. Property owners are compensated by the company under the procedures outlined in state law. A putative plaintiff class alleges that Verizon installed multi-unit terminal boxes on their property without just compensation, and cites procedural due process violations in connection with the installation. The United States District Court for the Eastern District of New York (Irizarry, J.) dismissed the complaint because the claims were unripe under the test established by Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985). That case held that a takings claim under the Fifth Amendment is not ripe for federal review until a final decision is reached by local authorities and the owner exhausts state remedies.

On appeal, the plaintiffs argue that <u>Williamson County</u> applies only to regulatory takings claims and not to their physical takings claims, and that <u>Williamson County</u> is inapplicable to their due process claims. We conclude that <u>Williamson County</u> does apply to physical takings, with the recognition that the finality requirement is satisfied by a physical taking. The exhaustion requirement, however, remains. As to the plaintiffs' due process claims, we conclude that <u>Williamson County</u> applies to such claims arising from the same circumstances as a takings claim. Because the plaintiffs have failed to exhaust their state remedies through an inverse condemnation proceeding, we affirm the judgment of the district court.

## BACKGROUND

Telecommunications networks, particularly in congested urban areas, may require installation of network equipment on private property. Often, the company secures permission from the owner in the form of a license or easement. If consent cannot be obtained, however, New York law permits the company to employ the state's power of eminent domain. Section 27 of the Transportation Corporations Law provides this authority:

Any [telephone] corporation may erect, construct and maintain the necessary fixtures for its lines upon, over or under any of the public roads, streets and highways . . . and may erect, construct and maintain its necessary stations, plants, equipment or lines upon, through or over any other land, subject to the right of the owners thereof to full compensation for the same. If any such corporation can not agree with such owner or owners upon the compensation to be paid therefor, such compensation shall be ascertained in the manner provided in the eminent domain procedure law.

N.Y. Transp. Corp. Law § 27.

The plaintiffs allege that Verizon exercised this power of eminent domain to install multi-unit terminal boxes on their properties. These boxes, typically attached to an exterior wall or to a pole in the yard, split the local high-capacity cables into the lines that serve individual phone subscribers in nearby buildings. Thus, these boxes serve the neighborhood as well as the subscribers on the subject property.

The plaintiffs assert that Verizon failed to pay full compensation for placing terminals on their properties. They further assert that Verizon violated their procedural due process rights by: 1) concealing their right to full compensation, or failing to notify them of it; 2) offering them no compensation; 3) giving the false impression that they must consent if they wanted telephone

5

service in their own buildings; and 4) placing the onus on them to initiate an eminent domain proceeding if no agreement was reached.

Two related cases in the New York state courts have bearing on the present matter. Both were filed by plaintiffs' counsel here and both involve the same plaintiffs, or plaintiffs similarly-situated. The first, Corsello v. Verizon, was commenced in 2007 on behalf of a putative class represented by William and Evelyn Corsello. They alleged Verizon's use of their property without consent and asserted claims premised on New York statutory and common law (not the Due Process and Takings Clause claims at issue here). After discovery, the Corsellos sought class certification. The New York Supreme Court, Kings County, denied certification on the grounds that individual inquiries into how Verizon acquired permission to install the terminals would predominate and that the Corsellos were not adequate class representatives. See generally Corsello v. Verizon N.Y. Inc., No. 39610/07, 2009 WL 3682595 (N.Y. Sup. Ct. Nov. 5, 2009).

Appeals of that certification decision (and other decisions made by the trial court) eventually reached the New York Court of Appeals, which held (*inter alia*) that the plaintiffs alleged a valid inverse condemnation claim, but affirmed the

6

denial of class certification.  See Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 783-87, 791-92 (2012).

While the Corsello appeal was pending, plaintiffs' counsel commenced two other putative class actions: this case in federal court; and (afterward) Grillo v. Verizon N.Y., Inc. in New York Supreme Court, Queens County.  (The Corsellos, originally named as class plaintiffs in the Grillo action, were later dropped.)  The Grillo complaint acknowledged the filing of this federal case and stated that the plaintiffs wished to hold their claims in abeyance until the federal court's subject matter jurisdiction was determined.  See Grillo Compl., J.A. at 198-99.  The proceedings in Grillo have been stayed accordingly.

The plaintiffs commenced this action in December 2010 and filed a Second Amended Complaint in July 2010.   (As in Grillo, the Corsellos were originally named as class plaintiffs and later dropped.)  The complaint alleged several causes of action under 28 U.S.C. § 1983 for wrongful taking of plaintiffs' property without just compensation and for violation of their associated due process rights.  The complaint also sought certification for a class consisting of all property owners with Verizon multi-property terminals other than those who have signed an easement or received compensation greater than one dollar.

7

Verizon moved to dismiss on the grounds that: 1) the district court lacked jurisdiction because the claims were unripe pursuant to the Supreme Court's decision in <u>Williamson County</u>; 2) the plaintiffs lacked standing; 3) the claims were time-barred; 4) the complaint failed to state a cause of action; and 5) the declaratory judgment relief sought by the plaintiffs was an impermissible attempt to obtain an advisory opinion. The district court granted Verizon's motion in September 2013, holding that <u>Williamson County</u> barred the plaintiffs' claims. <u>See generally</u> <u>Corsello v. Verizon N.Y., Inc.</u>, 976 F. Supp. 2d 354 (S.D.N.Y. 2013). The plaintiffs timely appealed.

**DISCUSSION**

"We review *de novo* a district court's determination that it lacks subject-matter jurisdiction on ripeness grounds." <u>Nat'l Org. for Marriage, Inc. v. Walsh</u>, 714 F.3d 682, 687 (2d Cir. 2013); <u>see also</u> <u>Connecticut v. Duncan</u>, 612 F.3d 107, 112 (2d Cir. 2010) ("A district court's ripeness determination is . . . a legal determination subject to *de novo* review.").

**I**

"To be justiciable, a cause of action must be ripe--it must present a real, substantial controversy, not a mere hypothetical question." Nat'l Org. for Marriage, 714 F.3d at 687 (quotation marks omitted). "A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all. The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Id. (quotation marks and internal citation omitted).

To test the ripeness of a constitutional takings claim in federal court, we consult Williamson County. In that case, a "plaintiff owner of a tract of land sued a Tennessee regional planning commission alleging that the commission's application of various zoning laws and regulations to the plaintiff's property amounted to an unconstitutional 'taking' under the Fifth Amendment." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). Williamson County held that the claim was unripe: "a plaintiff alleging a Fifth Amendment taking of a property interest must . . . show that (1) the state regulatory entity has rendered a 'final decision' on the matter, and (2)

the plaintiff has sought just compensation by means of an available state procedure." Id.

As to finality, "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations . . . has reached a final decision regarding the application of the regulations to the property at issue." Williamson County, 473 U.S. at 186. This requirement is compelled by the Takings Clause because the factors relevant to determining whether a taking has occurred are the economic impact of the state's actions and its interference with investment-backed expectations, and these factors cannot be "evaluated until the administrative agency has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." Id. at 191. The finality requirement also helps to develop a full record for review, limits judicial entanglement in constitutional disputes, and gives proper respect to principles of federalism. See Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348 (2d Cir. 2005). Because the plaintiff in Williamson County sought no variance from the zoning provision at issue, there was no "final, definitive position" to review. 473 U.S. at 188-90.

The Fifth Amendment's proscription of a taking without just compensation underlies Williamson County's exhaustion requirement: "the Fifth Amendment [does not] require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." Id. at 194 (quotation marks omitted). Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 195. In other terms, "because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action . . . is not 'complete' until the State fails to provide adequate compensation for the taking." Id. A plaintiff, however, may achieve exhaustion by showing that the state's inverse condemnation procedure is unavailable or inadequate. See id. at 196. The Williamson County plaintiff, having failed to use Tennessee's inverse condemnation action, failed to exhaust. Id.

**II**

Plaintiffs argue that <u>Williamson County</u> was a case about regulatory takings, and that it does not govern claims in which, as in theirs, the taking is physical. We disagree. The finality and exhaustion requirements are both derived from elements that must be shown in any takings claim: [i] a "taking" [ii] "without just compensation." <u>See</u> <u>id.</u> at 190-91, 194-95. So <u>Williamson County</u> applies to *all* takings claims. <u>See</u> <u>Island Park, LLC v. CSX Transp.</u>, 559 F.3d 96, 109 (2d Cir. 2009) ("Before a federal takings claim can be asserted, compensation must first be sought from the state if it has a reasonable, certain and adequate provision for obtaining compensation." (quotation marks omitted)). "<u>Williamson [County]</u> drew no distinction between physical and regulatory takings, and the rationale of that case, that 'a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State,' demonstrates that any such distinction would be unjustified." <u>Villager Pond, Inc. v. Town of Darien</u>, 56 F.3d 375, 380 (2d Cir. 1995) (internal citation omitted) (quoting <u>Williamson Cnty.</u>, 473 U.S. at 195).

While Williamson County applies to regulatory and physical takings alike, a physical taking in itself satisfies the need to show finality. "[A]n alleged physical taking is by definition a final decision for the purpose of satisfying Williamson [County's] first requirement." Juliano v. Montgomery-Otsego-Schoharie Solid Waste Mgmt. Auth., 983 F. Supp. 319, 323 (N.D.N.Y. 1997); see also Hall v. City of Santa Barbara, 833 F.2d 1270, 1281 n.28 (9th Cir. 1986) ("Where there has been a physical invasion, the taking occurs at once, and nothing the city can do or say after that point will change that fact.").

The plaintiffs further argue that a physical taking also satisfies the test of exhaustion, and thereby obviates Williamson County altogether, because it is unconstitutional to require them to initiate a suit for compensation after a taking occurs. The cases cited by the plaintiffs do not support this argument. For example, the venerable Bloodgood v. Mohawk & Hudson R.R. Co., 18 Wend. 9 (N.Y. 1837) was a gloss on New York law, and its holding (that compensation must be paid prior to a taking) rested on a state statute. Id. at 19. The federal principle is prescribed in Williamson County: "Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate

13

provision for obtaining compensation exist at the time of the taking." 473 U.S. at 194.

The cases relied on by plaintiffs are inapposite. See Kruse v. Vill. of Chagrin Falls, Ohio, 74 F.3d 694 (6th Cir. 1996); Juliano, 983 F. Supp. at 323-24. In each case, a physical takings claim was held to be ripe. But neither case is incompatible with the analysis in this opinion: the physical taking satisfies the finality requirement; and the exhaustion requirement is satisfied by the unavailability of an adequate procedure for post-taking compensation. See Kruse, 74 F.3d at 698-700 (holding that Ohio's inverse condemnation remedy is uncertain, confusing, and lacks statutory authority); Juliano, 983 F. Supp. at 323 (no evidence in the record of an adequate provision for obtaining compensation in the state). In both cases, ripeness under Williamson County was achieved.[1]

---

[1] The Sixth Circuit's opinion in Kruse does suggest that Williamson County exhaustion need not be shown when there has been a physical taking. See 74 F.3d at 701. This passage of the opinion, however, is dicta said to be in "further support" for a conclusion already reached: that the plaintiffs were not required to pursue a state-level inverse condemnation proceeding. Id. In any event, such a dispensation contradicts Williamson County, which ties the exhaustion requirement directly to the wording of the Fifth Amendment. See 473 U.S. at 195 ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.").

14

See Juliano, 983 F. Supp. at 323 ("Here, under the physical occupation theory of takings liability Plaintiffs have met *both prongs* of the ripeness test." (emphasis added)).

The plaintiffs' takings claim here is unripe. Although the pleading of a physical taking sufficiently shows finality, plaintiffs flunk the exhaustion requirement by their failure to seek compensation at the state level. "It is well-settled that New York State has a reasonable, certain and adequate provision for obtaining compensation." Country View Estates @ Ridge LLC v. Town of Brookhaven, 452 F. Supp. 2d 142, 157 (E.D.N.Y. 2006) (quotation marks omitted); see also Island Park, 559 F.3d at 110 (holding claim was not ripe because plaintiffs failed to pursue an inverse condemnation proceeding under New York's Eminent Domain Procedure Law). The plaintiffs have pending an action in the New York courts to seek compensation (the Grillo action). Until such litigation has run its course, the plaintiffs have no ripe takings claim for adjudication in the federal courts.

**III**

Williamson County's applicability to the plaintiffs' due process claims is less clear. After Williamson County, courts have attempted to settle questions of ripeness in the several contexts of due process claims: substantive or procedural; substantive claims alleging regulatory overreach or those alleging arbitrary and capricious conduct; claims arising from the same nucleus of fact as a takings claim, or not; and regulatory or physical takings. Myriad permutations can result. The plaintiffs' due process claims present one such permutation that is not considered in precedent. Though the precedents we have are distinguishable, they are instructive nevertheless.

We start with Williamson County itself. The plaintiff there pursued a substantive due process claim of regulatory overreach arising from the same set of facts as the takings claim: when a "regulation . . . goes so far that it has the same effect as a taking by eminent domain [such that it] is an invalid exercise of the police power." 473 U.S. at 197. Instead of "just compensation," the remedy for such a claim would be invalidation of the regulation and, possibly, damages. Id. Without deciding whether such a claim is cognizable, the Court ruled that it was unripe because the effect "[could not] be measured until a final decision is

16

made as to how the regulations will be applied to [the plaintiff's] property." Id. at 200. It is thus (at least) implied that finality is a prerequisite to this type of due process claim. The Court did not reach any issue of exhaustion.

Since Williamson County, this Court has considered its applicability to due process claims on only a few occasions. Substantive due process claims have been treated differently based on the nature of the claim. Claims alleging regulatory overreach, such as the one considered in Williamson County, must satisfy the finality and exhaustion requirements to be ripe. See Southview Assocs., Ltd. v. Bongartz, 980 F.2d 84, 96 (2d Cir. 1992) ("If the state provides an acceptable procedure for obtaining compensation, the state's regulatory action will generally not exceed its police powers."). Substantive due process claims of arbitrary and capricious conduct, however, require only a showing of finality-- there is no exhaustion requirement. See id. at 97; see also Villager Pond, 56 F.3d at 381.[2] We have also suggested that Williamson County (the finality

---

[2] Williamson County generally controls for substantive due process claims based on the same nucleus of facts as a takings claim, on the principle that courts should not use a generalized notion of substantive due process when the Constitution provides an explicit source of protection against the conduct alleged. See Graham v. Connor, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment,

17

requirement at least) applies broadly in the context of land use challenges.  See

Dougherty, 282 F.3d at 88 (stating Williamson County "has been extended to

equal protection and due process claims asserted in the context of land use

challenges"); Murphy, 402 F.3d at 349-50 (observing that Williamson County has

not been "strictly confined" to a regulatory takings challenge and "[f]ollowing

the view of . . . other circuits, we have applied prong-one [finality] ripeness to

land use disputes implicating more than just Fifth Amendment takings claims").

The plaintiffs' due process claims fall within a gap in our precedents:

procedural due process claims arising from a physical taking.[3]  The plaintiffs

argue that this Court has "repeatedly not applied [Williamson County] [r]ipeness

to procedural due process claims involving denial of appropriate notice and

hearing in takings-type contexts."  Appellant Br. at 49.  The cases cited by the

plaintiffs, however, fail to support their argument that Williamson County is

---

not the more generalized notion of 'substantive due process,' must be the guide
for analyzing these claims.").

[3] The plaintiffs also argue Williamson County does not apply to their
substantive due process claim of arbitrary and capricious conduct, citing Villager
Pond and Southview Associates.  However, the plaintiffs' complaint and
arguments in the district court refer only to procedural due process violations.
This argument is, therefore, waived.

inapplicable. In <u>Ford Motor Credit Co. v. N.Y.C. Police Dep't</u>, 503 F.3d 186 (2d Cir. 2007), the Court addressed due process in a criminal forfeiture proceeding. Although the district court dismissed a taking claim for lack of ripeness, that issue was not presented on appeal and, accordingly, was unremarked upon in our opinion. Similarly, the other cases cited by the plaintiffs allowed due process claims with little connection to a taking claim and did so, again, without mention of <u>Williamson County</u>. See <u>Brody v. Vill. of Port Chester</u>, 434 F.3d 121, 127 (2d Cir. 2005) (addressing whether the public use and just compensation limitations trigger procedural due process rights for a condemnee); <u>Kraebel v. N.Y.C. Dep't of Housing Preservation & Dev.</u>, 959 F.2d 395 (2d Cir. 1992) (remanding to determine if there was a property interest in a payment from the city after determining that a delay in entitlement payments cannot constitute a taking).

We are persuaded by those courts holding that <u>Williamson County</u> applies to due process claims arising from the same nucleus of facts as a takings claim. <u>See, e.g.</u>, <u>B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.</u>, 531 F.3d 1282, 1299 n.19 (10th Cir. 2008) ("This court has acknowledged the possibility that, under certain circumstances, due process rights may arise which are beyond the more particularized claim asserted pursuant to the Just Compensation Clause. . . .

19

Nevertheless, this court has held that, where the property interest in which a plaintiff asserts a right to procedural due process is coextensive with the asserted takings claim, Williamson County's ripeness principle still applies." (quotation marks omitted)); Greenfield Mills, Inc. v. Macklin, 361 F.3d 934, 961 (7th Cir. 2004) ("[O]ur case law explains that the Williamson County exhaustion requirement applies with full force to due process claims (both procedural and substantive) when based on the same facts as a takings claim."); Goldfine v. Kelly, 80 F. Supp. 2d 153, 158 (S.D.N.Y. 2000) (Conner, J.) ("Although in Williamson [County] the ripeness test was applied to a takings claim only, the same ripeness test applies to due process and equal protection claims."). Such a rule finds support in Williamson County itself: if the only process guaranteed to one whose property is taken is a post-deprivation remedy, a federal court cannot determine whether the state's process is constitutionally deficient until the owner has pursued the available state remedy. See 473 U.S. at 194.

Applying Williamson County more broadly to these due process claims confers other benefits. It prevents evasion of the ripeness test by artful pleading of a takings claim as a due process claim. See Bateman v. City of West Bountiful, 89 F.3d 704, 709 (10th Cir. 1996) ("The Tenth Circuit repeatedly has held that the

20

ripeness requirement of <u>Williamson</u> [<u>County</u>] applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim. . . . A contrary holding would render the Supreme Court's decision in <u>Williamson</u> [<u>County</u>] nugatory, as it would enable a resourceful litigant to circumvent the ripeness requirements simply by alleging a more generalized due process or equal protection violation.").  Applying <u>Williamson County</u> generally to these types of due process claims also provides a clear rule that avoids messy distinctions based on how a due process claim is pled.

We conclude that the <u>Williamson County</u> ripeness requirement (finality and exhaustion) applies to all procedural due process claims arising from the same circumstances as a taking claim.[4]  Since we have concluded that New York's inverse condemnation procedures are adequate on their face, no claim would arise until the plaintiffs, having availed themselves of those procedures, show them to be wanting in practice.  The procedural due process claims in this

[4] The plaintiffs also argue that <u>Williamson County</u> does not apply to claims for declaratory and injunctive relief.  The cases cited by the plaintiffs, however, do not support this argument.  This case is not one in which we need to decide whether a particular state statute facially violates the Fifth Amendment.  <u>See</u> <u>Wash. Legal Found. v. Legal Found. of Wash.</u>, 236 F.3d 1097, 1104 (9th Cir. 2001).  The remaining cases relate to criminal forfeiture practices, which are distinct from public use takings.

21

case, which are based on the circumstances surrounding the takings claim, are therefore premature.  Because the plaintiffs did not exhaust available state remedies, their due process claims are not ripe for federal review.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.