16-199-cv
*Leonard, et al. v. Planning Board of the Town of Union Vale, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of September, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

E. DEANE LEONARD, ROBERT O. DRYFOOS, STEVEN HABIAGUE,

                *Plaintiffs-Appellants,*              No. 16-199-cv

                        v.

PLANNING BOARD OF THE TOWN OF UNION VALE, PAUL HESLIN, ALL SUCH NAMED TOWN OFFICIALS JOINED HERE IN THEIR PERSONAL CAPACITY, EUGENE SIMCO, ALL SUCH NAMED TOWN OFFICIALS JOINED HERE IN THEIR PERSONAL CAPACITY, ARTHUR F. BROD, JR., ALL SUCH NAMED TOWN OFFICIALS JOINED HERE IN THEIR PERSONAL CAPACITY,

                *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the official caption to conform to the caption above.

**FOR PLAINTIFFS-APPELLANTS:**     STEVEN HABIAGUE, Poughquag, New York.

**FOR AMICUS CURIAE:**     Jonathan Wood (Raymond Nhan, *on the brief*), *for Amicus Curiae* Pacific Legal Foundation, Sacramento, California, *in support of Plaintiffs-Appellants*.

**FOR DEFENDANTS-APPELLEES:**     TERRY RICE, Suffern, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 6, 2016 judgment of the District Court is **VACATED** in part, insofar as plaintiffs-appellants' due process claims were dismissed with prejudice, and the cause is **REMANDED** to the District Court with directions to dismiss the second amended complaint without prejudice as to plaintiffs-appellants' due process claims, consistent with this order.

Plaintiffs appeal from a January 6, 2016 judgment of the District Court, dismissing their second amended complaint (the "complaint") with prejudice as to plaintiffs' substantive and procedural due process claims.[1] Plaintiffs brought these claims under 42 U.S.C. § 1983, alleging that defendants, the Planning Board of the Town of Union Vale and two of its members (jointly, the "Board"), violated plaintiffs' due process rights by rescinding a "negative declaration" relating to plaintiffs' proposed subdivision of real property located in Union Vale, New York. The District Court held that the due process claims must be dismissed because plaintiffs lacked a cognizable property interest in the negative declaration. This appeal followed.

On appeal, plaintiffs contend that the District Court erred in holding that they did not have a property interest in the negative declaration rescinded by the Board, and that their substantive and procedural due process claims should therefore be reinstated. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

For the reasons set forth below, we conclude that plaintiffs' due process claims are not ripe for adjudication because the Board's rescission of the negative declaration does not constitute a "final decision" on plaintiffs' subdivision application, and plaintiffs' allegations do not demonstrate that seeking a final decision from the Board would be futile.

---

[1] The District Court dismissed plaintiffs' amended complaint *without* prejudice as to plaintiffs' takings claim, which plaintiffs had moved to voluntarily dismiss, and which is not at issue on appeal.

**A.  Background and Procedural Posture**

Plaintiffs allege that, in 1987, in connection with their proposal to designate a 950-acre parcel of real property as an "open development area," the Board issued a "negative declaration" under New York's State Environmental Quality Review Act ("SEQRA"). A "negative declaration" is "a written determination by a lead agency that the implementation of the action as proposed will not result in any significant adverse environmental impacts." 6 N.Y.C.R.R. § 617.2(y). Following the issuance of the negative declaration, the Board approved plaintiffs' application to subdivide a portion of the property. Plaintiffs allege that in 2009, however, they applied for preliminary plat approval to subdivide the remainder of the property, but the Board adopted a resolution, in 2012, rejecting their application as incomplete because the Board concluded that the 1987 negative declaration was not applicable to the application. Plaintiffs sued in New York Supreme Court, which annulled the resolution after holding that the negative declaration *was* applicable to the application, but that the Board was nonetheless responsible under SEQRA for assessing whether the negative declaration should be amended or rescinded.[2]

In light of this ruling, the Board held a public hearing and a workshop to consider whether the negative declaration should remain in place, or, in the alternative, should be amended or rescinded. On June 19, 2013, the Board held a public meeting during which it sought comments from interested parties. At the close of the meeting, the Board adopted a resolution rescinding the 1987 negative declaration due to "substantial changes to the project and the substantial changes in regulations [since 1987, which] were not previously considered and may result in a significant adverse environmental impact." J.A. 54. Plaintiffs allege that the resolution "identifie[d] no change in the Project or its circumstances that may give rise to a significant adverse impact," however, and that "in all cases the changes in laws and regulations result in a lower environmental impact." J.A. 17. Plaintiffs' complaint addresses the specific assertions in the Board's resolution and explains why each is erroneous.

In August 2014, plaintiffs again filed suit in New York Supreme Court, this time challenging the rescission of the negative declaration, alleging federal substantive and procedural due process violations as well as violations of state law. That suit is the subject of the instant appeal. After defendants removed the action to the United States District Court for the Southern District of New York, the Court remanded the state-law "supplemental" claims[3] and ultimately dismissed plaintiffs'

---

[2] The Appellate Division has since affirmed this decision. *See Leonard v. Planning Bd. of Town of Union Vale*, 136 A.D.3d 868, 871–72 (2d Dep't 2016).

[3] On October 15, 2015, the New York Supreme Court denied plaintiffs' petition seeking to annul the Board's resolution rescinding the negative declaration, concluding that plaintiffs failed to establish that the rescission was the result of an error of law or was arbitrary and capricious or a violation of lawful procedure. Plaintiffs have appealed.

due process claims because plaintiffs did not have a cognizable property interest in the negative declaration, which was issued under the Board's substantial discretion. *See Leonard v. Planning Bd. of the Town of Union Vale*, 154 F. Supp. 3d 59, 68 (S.D.N.Y. 2016) (Román, *J.*).

## B.     Whether Plaintiffs' Due Process Claims Are Ripe

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, the Supreme Court articulated a two-prong ripeness test applicable to Takings Clause claims arising from local land-use disputes. 473 U.S. 172, 186–87 (1985). The Court held that, before a plaintiff may bring suit in federal court, (1) the local regulatory body must render a "final decision" on the matter, and (2) the plaintiff must have sought compensation through available state procedures for obtaining compensation. *Id.* at 186–87, 194. In cases involving local land-use disputes, we have held that *Williamson*'s final-decision requirement applies to substantive due process claims, *see Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 96–97 (2d Cir. 1992), as well as to "procedural due process claims arising from the same circumstances as a taking claim," *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 516 (2d Cir. 2014).

As the District Court pointed out in its opinion, this Court has recognized a "futility exception" to the final-decision requirement. We have held that the futility exception applies when an "agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied," or when an agency imposes "repetitive or unfair land-use procedures in order to avoid a final decision." *Sherman v. Town of Chester*, 752 F.3d 554, 561 (2d Cir. 2014) (internal quotation marks omitted).[4]

### 1.   Final Decision

We conclude that, in the circumstances presented here, the Board's rescission of the negative declaration was not a final decision under *Williamson*. The rescission sounds no death knell to plaintiffs' application, which is still pending, and indeed SEQRA charts a path forward for plaintiffs. After the Board publishes a positive declaration identifying potential significant adverse environmental impacts, *see* 6 N.Y.C.R.R. §§ 617.7(f)(3), 617.12(a)(2)(ii), plaintiffs will have an opportunity to file an Environmental Impact Statement ("EIS"), responding to the Board's concerns, *see id.* § 617.2(n). The EIS presents an appropriate forum for plaintiffs to challenge the Board's assertions—which they have instead done in the federal complaint in this action—and assuage the Board's concerns. The Board must then decide whether to issue a negative declaration, based on the draft EIS, or await the final EIS and decide in light of that document whether to approve the application. *See id.* §§ 617.9(a)(5)(i)(b), 617.11. "The law is well-settled in New York that

---

[4] Notably, the futility exception is permissible in part "[b]ecause *Williamson County* is a prudential rather than a jurisdictional rule, [and] we may determine that in some instances, the rule should not apply and we still have the power to decide the case." *Sherman*, 752 F.3d at 561 (internal quotation marks omitted).

[even] a positive declaration pursuant to SEQRA is not a final agency decision that is reviewable under New York law." *Homefront Org., Inc. v. Motz*, 570 F. Supp. 2d 398, 406 (E.D.N.Y. 2008) (collecting cases). In sum, by rescinding the negative declaration, the Board has not "arrived at a final, definitive position regarding . . . the particular land in question." *Williamson*, 473 U.S. at 191.

## 2. Futility Exception

We further conclude that the "futility exception" to the final-decision requirement does not apply in the circumstances presented here. The District Court held that the exception applies because "it would be futile to require Plaintiffs to seek a final determination" in light of plaintiffs' allegations that the Board had improperly rescinded the negative declaration. *Leonard*, 154 F. Supp. 3d at 66–67. In reaching this conclusion, the District Court relied extensively upon *Westchester Day School v. Village of Mamaroneck*, 236 F. Supp. 2d 349, 355 (S.D.N.Y. 2002), where the Board rescinded a negative declaration based on issues that "ha[d] already been thoroughly studied and found appropriate by professionals reviewing the project" and where the refusal to approve the project prior to the completion of the EIS would "significantly delay the Project and dramatically increase its cost to plaintiff." Though the court in *Westchester* was perhaps correct to note that the plaintiffs would incur additional expenses and delays due to the Board's rescission, the action there did not qualify for the futility exception as the Board could still have approved the project following the completion of the EIS. Here, plaintiffs allege, *inter alia*, that the Board, without providing proper notice, rescinded the negative declaration against the recommendation of the Conservation Advisory Council and without identifying any changes in the Project that would result in a significant adverse environmental impact. Plaintiffs' challenges to the substance of the Board's concerns are appropriate for consideration by the Board—for example, during its EIS review—before they become ripe for adjudication by a federal court. The Board could be convinced by a draft EIS that a negative declaration should be reissued; if not, the Board could be convinced by a final EIS that the application should nevertheless be approved.

In sum, the allegations in the complaint do not compel the conclusion that the Board has already determined that it will deny plaintiffs' subdivision application. Nor are we convinced that the Board has used repetitive or unfair land-use procedures in order to avoid a final decision on the application, notwithstanding the application's prolonged pendency (due in part to litigation). We therefore conclude that plaintiffs have not established that it would be futile for them to seek a final determination by the Board regarding their subdivision application.

Accordingly, because plaintiffs' substantive and procedural due process claims are not ripe for adjudication, the judgement of the District Court dismissing those claims with prejudice must be vacated, and the claims dismissed without prejudice.

## CONCLUSION

We have considered all of the plaintiffs-appellants' remaining arguments and find them to be without merit. Accordingly, we **VACATE** so much of the January 6, 2016 judgment of the District Court as dismissed plaintiffs-appellants' due process claims <u>with prejudice</u>, and we **REMAND** the cause to the District Court with directions to dismiss the second amended complaint <u>without prejudice</u> as to plaintiffs-appellants' due process claims, consistent with this order.

Costs related to this appeal are to be assessed equally between the appellants and the appellees.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk