*Thomas v. Town of Mamakating, New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand nineteen.

PRESENT: ROBERT D. SACK,
PETER W. HALL,
    *Circuit Judges*,
JED S. RAKOFF,
    *District Judge*.*

-----------------------------------------------------------------------
AMY THOMAS,
          *Plaintiff - Appellant,*

      v.                                           No. 19-856-cv

TOWN OF MAMAKATING, NEW YORK, TOWN BOARD OF THE TOWN OF MAMAKATING, NEW YORK, PLANNING BOARD OF THE TOWN OF MAMAKATING, NEW YORK, MORT STAROBIN, as Chairman of the Planning Board of the Town of Mamakating, New York, ZONING BOARD OF APPEALS OF THE TOWN OF MAMAKATING, MARY GRASS, individually and in her capacity as Town of Mamakating Building Inspector,
          *Defendants - Appellees.*
-----------------------------------------------------------------------
* The Hon. Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT: Adam J. Schultz, Couch White, LLP, Albany, NY.

FOR APPELLEES: Leo Dorfman, Sokoloff Stern LLP, Carle Place, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This action arises from a land use dispute in the Town of Mamakating, New York ("Town"). Amy Thomas sued the Town and its Town board, planning board, zoning board, chairman of the planning board, and building inspector, asserting substantive and procedural due process claims under 42 U.S.C. § 1983 and administrative law claims under Article 78 of the New York Civil Practice Law and Rules. Thomas now appeals from a judgment of the United States District Court for the Southern District of New York entered on March 6, 2019, which dismissed the suit under Fed. R. Civ. P. 12(b)(1) as unripe. We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

The following facts are drawn from the allegations in the complaint, which we assume to be true, and from documents appended to the complaint. *See Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009). When Thomas purchased the property at issue, it contained a mound of sand that was the result of an abandoned, unpermitted mining operation. In 2011, Thomas applied for and received a building permit to construct a swimming pool, which would require removing a portion of the remnant sand mound.

2

Thomas later submitted an amended building application seeking to construct a 1,500-square-foot pole barn in addition to the pool. In 2012, the Town's building inspector determined that site plan review and approval by the planning board were required for the amended application because "the amount of grading shown on [the] Site Plan does not appear to be associated with the proposed improvements."[1] J. App. 124.

The planning board conditionally approved a site plan in August 2013 and a modified site plan in October 2013. The building inspector issued a building permit to Thomas in November 2013. A few months later, the New York State Department of Environmental Conservation ("NYSDEC") approved an exemption from the Mined Land Reclamation Law for the proposed site work, as required to satisfy a condition of the site plan approval.

The building permit expired in November 2014, and the conditional site plan approval expired in April 2015, *see* Town of Mamakating Zoning Code § 199-45(H). Thomas was unable to complete the construction work by April 2015.

On October 21, 2015, the building inspector and NYSDEC representatives inspected Thomas's property. NYSDEC representatives observed, *inter alia*: (1) that the material excavated from the Thomas property was being bulldozed off site onto the neighboring Pine Hill property; (2) that there were no erosion controls; and (3) that the construction of the pool and pole barn had not yet commenced. The building inspector issued a stop-work order and a notice of zoning code violations including construction without a building

---

[1] Thomas appealed that determination to the zoning board, which issued an apparently inconclusive decision stating that a pole barn does not require site plan approval but taking no position on whether the excess grading noted by the building inspector required site plan approval.

permit, construction without site plan approval, and site disturbance exceeding approved limits.

Thomas then filed a request for an extension of the site plan approval, and the planning board heard her request at its December 22, 2015 meeting. Concerned by the reports of the building inspector, consultants for the Town, and NYSDEC that there were violations of the zoning code and NYSDEC approval conditions, the planning board requested an as-built survey to determine whether the project was in compliance with the site plan that the board was being asked to extend. Thomas submitted an as-built survey to the planning board in April 2016 and, in response to a request from the planning board, a revised survey in July 2016. Thomas did not receive a response regarding the survey until January 2017 when the building inspector, having reviewed the survey with the Town engineer, informed Thomas that she had "exceeded the limits of the area approved disturbance by the Planning Board," that "the clearing, grading and removal of materials performed on the project cannot reasonably be characterized as associated with the construction of a 20 x 40 in-ground swimming pool and 37.5' by 40' pole barn," and that the construction was an impermissible "mining activity." J. App. 246–47. The building inspector informed Thomas that Thomas could apply to the zoning board for a use variance and that if such a use variance were to be granted, a mining permit from NYSDEC would be required.

Instead of applying to the zoning board for a use variance, Thomas appealed the building inspector's "mining activity" determination to the zoning board. The zoning board held hearings on Thomas's appeal on five occasions over the course of 2017. In January

4

2018, the zoning board upheld the building inspector's determination. The zoning board determined, based on the expired building permit, the expired site plan approval, and the fact that "land disturbances have extended beyond those approved pursuant to the expired site plan" for Thomas's project, that Thomas's project constituted "Extractive Operations" in violation of the local zoning code. J. App. 471–72.

On the same day as the zoning board's decision, the chairman of the planning board, Mort Starobin, informed Thomas that the Planning Board deemed abandoned Thomas's application for reinstatement of her expired site plan approval because Thomas had failed to respond to Starobin's two prior letters to her. Starobin advised Thomas to submit a new application and pay applicable fees if she wished to obtain site plan approval.

## II.

We review *de novo* the District Court's dismissal of the complaint under Fed. R. Civ. P. 12(b)(1) and the District Court's determination that the claims are not ripe. *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 121 (2d Cir. 2014). Since ripeness is a jurisdictional inquiry, "we must presume that we cannot entertain [Thomas's] claims unless the contrary appears affirmatively from the record." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (internal quotation marks omitted).

## III.

The Supreme Court has articulated ripeness requirements applicable to the land use context. *Id.* at 347. As relevant to this case, the Supreme Court has held that a takings claim arising from a local land use dispute is not ripe until the local regulatory body has rendered a "final decision" regarding the use of the property at issue. *Williamson Cnty. Reg'l Planning*

5

*Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985), *overruled on other grounds by Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2169–70 (2019). After the Supreme Court decided *Williamson*, this Court extended the final decision requirement to other constitutional claims relating to land use disputes, including substantive and procedural due process challenges. *See, e.g., Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002); *Kurtz v. Verizon New York, Inc.*, 758 F.3d 506, 515–16 (2d Cir. 2014). In practice, the final decision requirement "conditions federal review on a property owner submitting at least one meaningful application for a variance." *Murphy*, 402 F.3d at 348; *see also Williamson*, 473 U.S. at 190 (developer's claim was unripe because of developer's failure to obtain a final decision by requesting a variance). A property owner will be excused from seeking a variance, however, if doing so would be futile. *See Murphy*, 402 F.3d at 349. Futility occurs "when a zoning agency lacks discretion to grant variances or has dug in its heels and made clear that all such applications will be denied." *Id.*

Thomas argues, first, that she has received a final decision on her proposed land use notwithstanding her failure to apply for a variance because the prior approvals demonstrate how she may use her property. Specifically, she contends that the issuance of the site plan approval and the building permit in 2013 reflect the Town's determination that her project is compliant with the zoning code. Contrary to Thomas's theory, those prior approvals do not constitute a final decision for purposes of this suit given the zoning board's subsequent determination that Thomas's project exceeds the scope of those approvals. That is, Thomas is not challenging the issuance of the site plan approval and the building permit in 2013, but rather challenging a series of decisions after 2015 which allegedly deprived Thomas of her

6

rights to finish the construction at issue. Because Thomas can still seek a use variance from the zoning board and has not done so, we cannot evaluate how the Town's zoning rules will ultimately be applied to Thomas's property. *See Murphy*, 402 F.3d at 348.

Thomas further argues that seeking a variance would be futile in her case based on, *inter alia*, the building inspector's interference with her project, various delays, and the following comment by the chairman of the zoning board at the July 27, 2017 meeting:

> Maybe I am speaking outside of the narrow focus of what we're trying to do here, but I'll tell you, from past performances, Miss Thomas did an abysmal job of this project. . . . She had roughly 19 months, and that's a generous potential underestimation of the amount of time she's had to excavate this material and she only removed 23 percent of the material. So what are we going to do? We [are] going to get into the middle of this thing again and then we're going to ask for another extension and another extension. I've got grave concerns for the well-being, the tranquility of the neighborhood, the safety.
> …
> I just don't see you pulling this. Based on past performance, I don't see you pulling this thing off in a[] two year exemption time you're granted by the State. I just don't see it happening based on past performance.

J. App. 355, 358–59. Having considered the entire factual record, we conclude that the Town's actions in this case do not warrant application of the futility exception. Although the above comment may reflect exasperation and skepticism, it does not "ma[k]e clear that all [variance] applications will be denied." *Murphy*, 402 F.3d at 349. Thomas analogizes her case to *Sherman v. Town of Chester*, 752 F.3d 554 (2d Cir. 2014), in which we applied the futility exception. *Sherman* involved "repetitive and unfair procedures" that are not present here, however. *Id.* at 561. The town enacted new zoning regulations five times over a five-year period, requiring Sherman to submit new development plans each time; announced a moratorium on development that applied only to Sherman; replaced its officials; required Sherman to resubmit studies already completed; and required Sherman to pay $65,000 in fees before he could obtain

7

a hearing. *Id.* at 557. In short, an "ever-changing labyrinth of red tape" plagued Sherman's attempt to develop his property for about ten years. *Id.* at 557. The Town's actions here, by contrast, are relatively reasonable. That the zoning board may have delayed several unnecessary months at various points in the process does not warrant application of the futility exception. *See Sherman*, 752 F.3d at 563 ("Every delay in zoning approval does not ripen into a federal claim.").

Finally, Thomas argues, based on *Gavlak v. Town of Somers*, 267 F. Supp. 2d 214 (D. Conn. 2003), that her suit is ripe because she has a vested right to finish the construction she commenced in reliance on her prior approvals. In *Gavlak*, the plaintiff claimed that the town deprived him of a vested property interest in a prior nonconforming use, and the district court held that the plaintiff's claim was ripe even though he had not sought a variance because a variance "is not the means by which to establish" a nonconforming use. *Id.* at 221. *Gavlak* is inapposite here because a variance is the means by which Thomas could obtain permission to continue her project. A property owner does not have a vested right to complete a construction project regardless of whether her permits for that project expire or are violated.

IV.

We have considered all of Thomas's remaining arguments and have found in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court