21-2860-cv
*Heidel. v. Governor of New York State*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

  **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of January, two thousand twenty-three.**

PRESENT: PIERRE N. LEVAL,
     JOSÉ A. CABRANES,
     WILLIAM J. NARDINI,
        *Circuit Judges.*

---

ANDREW HEIDEL, R. ANDREW HEIDEL INC., DBA
The Way Station, FRANKLIN ORTEGA, PO
ITALIANISSIMO INC., JOHN MEROLLA, NYMS
PRODUCTIONS, INC., DBA Murdered by the Mob,
individually and on behalf of classes of all others
similarly situated,

    *Plaintiffs-Appellants,*       21-2860-cv

    v.

GOVERNOR OF NEW YORK STATE, in her official
capacity, THE STATE OF NEW YORK, ERIC ADAMS,
THE CITY OF NEW YORK, KATHY HOCHUL, MAYOR
OF NEW YORK CITY, in his official capacity,

    *Defendants-Appellees.*\*

---

---

 \* The Clerk of Court is directed to amend the caption as set forth above.

**FOR PLAINTIFFS-APPELLANTS:**      JOHN G. BALESTRIERE, BALESTRIERE FARIELLO, New York, NY.

**FOR DEFENDANTS-APPELLEES:**      ELIZABETH A. BRODY (Barbara D. Underwood, Ester Murdukhayeva, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY.

REBECCA L. VISGAITIS (Richard Dearing, Claude S. Platton, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York City Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants—(1) Andrew Heidel and R. Andrew Heidel Inc. (d/b/a "The Way Station"); (2) Franklin Ortega and PO Italianissimo Inc. ("Italianissmo Ristorante"); and (3) John Merolla and NYMS Productions, Inc. (d/b/a "Murdered by the Mob")—appeal from the October 2021 judgment of the District Court dismissing Plaintiffs' complaint in its entirety against the Governor of New York and the State (together, "State Defendants") and the Mayor of the City of New York and the City (together, "City Defendants"). Plaintiffs brought their putative class action for money damages against State Defendants and City Defendants arguing that the Plaintiffs and the putative class were harmed by the State and City's 2020 COVID-19 executive orders. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In reviewing the District Court's dismissal of the Takings claim against the State Defendants for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo. Beaulieu v. Vermont*, 807 F.3d 478, 483 n.1 (2d Cir. 2015). The District Court's dismissal of claims against City Defendants pursuant to Fed. R. Civ. P. 12(b)(6) is reviewed *de novo. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

For the reasons set forth below, we affirm the District Court's judgment.

2

## I.    Fifth Amendment Takings Claim Against State Defendants

The District Court correctly dismissed Plaintiffs' claim against State Defendants—seeking money damages arising from a categorical regulatory taking under the Fifth Amendment's Takings Clause—because Eleventh Amendment sovereign immunity barred the suit.[1]

Plaintiffs concede on appeal that "sovereign immunity may generally require that Takings claims against State Defendants must be brought in state court . . . ." Pls. Br. 13. Yet they rely on *Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 512 (2d Cir. 2014), for the proposition that where—as they allege here—state procedures fail to provide "reasonable, certain and adequate provision for obtaining compensation," they may pursue their claim in federal court. Plaintiffs never assert that they, as individual plaintiffs, would be unable to effectively pursue relief at the New York Court of Claims, but instead argue that the New York procedures to adjudicate relief for the putative class are inadequate because, *inter alia*, (1) the rules effectively "require pre-suit joinder of all class members," (2) "there is no way for Plaintiffs' counsel to ascertain and contact the Class members," (3) "the best possible ethically-permitted mailed notice would lack the key opt-out nature of class actions under both Rule 23 and CPLR Article 9," and (4) "the Court of Claims requires claimants with business claims such as Class members to identify and verify the 'total sum claimed' in damages with specificity." Pls. Br. 14–17. Although we recognize that these procedural steps may render class-wide relief more challenging in the Court of Claims than under a Fed. R. Civ. P. 23 class action, these procedural steps do not impede Plaintiffs' ability to obtain *individual* relief through New York procedures. Because we have previously held that "New York State has a reasonable, certain and adequate provision for obtaining compensation," *Kurtz*, 758 F.3d at 514 (quoting *Country View Ests. v. Town of Brookhaven*, 452 F.Supp.2d 142, 157 (E.D.N.Y. 2006)), and Plaintiffs do not argue that state procedures bar "reasonable, certain and adequate" individual recovery, we reject Plaintiffs' arguments as precluded by our precedent.

## II.    Federal and State Constitutional Claims Against City Defendants

In his thorough and well-reasoned Opinion and Order, Judge Castel dismissed all claims against the City, which arose under the Takings Clauses of the Fifth Amendment and the New York Constitution, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clauses of the Fifth Amendment and the New York Constitution. Although the District Court, *sua sponte*, raised the issue of standing with regard to Plaintiffs' Equal Protection claims against the City, SPA-25, the District Court dismissed the Equal Protection claims and all others on the basis of Plaintiffs' failure to state claims under Fed. R. Civ. P. 12(b)(6), *id.* 15–27.

---

[1] Because Plaintiffs' Takings claim is barred by Eleventh Amendment sovereign immunity, we need not address a matter the District Court assumed, without deciding: that "the 'self-executing' nature of the Takings clause could permit a plaintiff to bring a claim without relying on section 1983." SPA-10.

3

On appeal, City Defendants argue that "plaintiffs have failed to demonstrate that any city policy caused their alleged injuries." City Defs. Br. 12. Because causation is necessary for Article III standing, and "constitutional standing implicates the subject matter jurisdiction of the Court, we may raise the issue *nostra sponte*." *In re Clinton Nurseries, Inc.*, 53 F.4th 15, 22 (2d Cir. 2022).

Even assuming that the Complaint adequately pleads an injury, it fails to plead causation as to City Defendants. "The 'causal connection' element of Article III standing, *i.e.,* the requirement that the plaintiff's injury be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court,' does not create an onerous standard." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)) (alterations in original). Yet even under this standard, we conclude that Plaintiffs fail to plead causation as to City Defendants. As noted by the District Court, "[w]hile the Complaint makes detailed allegations about public health orders issued by . . . the City, it includes no factual allegations about how those orders affected plaintiffs individually, including any effect on revenue or business operations, or any attempt to stay in business under modified pandemic conditions." SPA-4. Thus, Plaintiffs never connect the dots between any City policy and their alleged injuries necessary to show causation. Notably, Plaintiffs fail to address City Defendants' causation argument in their reply beyond mere recitation that the City's actions caused Plaintiffs' business closures. *See* Pls. Reply 1. Because Plaintiffs' Complaint fails to adequately plead causation as to City Defendants that is necessary for Article III standing, we affirm the District Court's dismissal of claims against those defendants.

### III.    Conclusion

We have reviewed all of the arguments raised by Plaintiffs on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4