17-2450-cv
Martin v. Town of Simsbury

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand eighteen.

PRESENT:
>    PETER W. HALL,
>    SUSAN L. CARNEY,
>        *Circuit Judges,*
>    JOHN G. KOELTL,[*]
>        *District Judge.*

———————————————————————

Timothy G. Martin,

>    *Plaintiff-Appellant*,

>    v.                                                                  17-2450-cv

Town of Simsbury, Hiram Peck, Howard Beach,
Michael Glidden, Margery C. B. Winters, Jason
Levy, Jim Morrison, Darren Cunningham, Craig
MacCormac, Donna Beinstein, Donald Rieger,

>    *Defendants-Appellees*,

Jennifer Kertanis, Kristin Kula,

>    *Defendants*.

———————————————————

[*] Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

| FOR PLAINTIFF-APPELLANT: | TIMOTHY G. MARTIN, pro se, Lakeville, CT. |
|---|---|
| FOR DEFENDANTS-APPELLEES: | Jonathan C. Zellner, Ryan Ryan Deluca LLP, Stamford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

Appellant Timothy Martin, proceeding pro se, appeals from a judgment dismissing his 42 U.S.C. § 1983 action against the Town of Simsbury and various town officials.  Martin owned a property on Lark Road in Simsbury, CT.   He intended to develop that property by building a one-family home on it.  Appellees informed him that he first needed to conduct an inland-wetlands investigation.   Believing his property did not contain any inland wetlands, Martin instead applied for a building permit.   Appellee Michael Glidden informed him that no building permit would issue until Martin completed the wetlands investigation.   Glidden additionally informed Martin that he could not build on his property because the lot did not have the requisite street frontage. Glidden suggested that Martin investigate applying for a special permit under the town's rear-lot regulation.   Martin appealed to the Simsbury Zoning Board of Appeals ("ZBA"), which affirmed. He sought a variance from the frontage requirement, which was denied.   He then filed this action, claiming that Appellees' actions effected an unconstitutional taking of his property, denied him due process, and violated equal protection.   He also asserted claims under state law.   The district

2

court dismissed Martin's constitutional claims, concluding that he had not satisfied the final-decision prong of the prudential-standing analysis. Having dismissed the federal claims, the court declined to exercise supplemental jurisdiction over Martin's state law claims. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we explain only as necessary to explain our decision to vacate and remand.

In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the Supreme Court set forth a two-prong prudential-ripeness test applicable to takings claims arising from local land-use disputes. First, the local regulatory body must render a "final decision" on the matter. *Id.* at 186. Second, the plaintiff must have sought compensation through an available state procedure before filing a federal complaint. *Id.* at 194.[1] We have extended *Williamson County*'s prudential-ripeness doctrine to due process and equal protection challenges arising from the same set of facts. *See, e.g.*, *Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 515–16 (2d Cir. 2014); *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002). We review *de novo* a district court's prudential-ripeness ruling. *See Sherman v. Town of Chester*, 752 F.3d 554, 560 (2d Cir. 2014).

The district court concluded that Martin had failed to meet the final-decision prong of *Williamson County*. To satisfy the final-decision prong, a litigant must have obtained an adverse decision from the local land-use authority and submitted "at least one meaningful application for

---

[1] Martin sued Simsbury and others in state court, asserting claims for negligence and reverse condemnation. *See Martin v. Town Clerk for the Town of Simsbury*, No. HHDCV155039448, 2017 WL 1656809 (Conn. Super. Ct. Apr. 11, 2017). The state court dismissed his reverse-condemnation claim—a ruling currently on appeal—and his remaining claims are still pending. *See id.* at *10–12.

3

a variance." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348 (2d Cir. 2005). Martin did just that. He applied for a building permit, which was denied by Glidden; unsuccessfully appealed that decision to the ZBA; and then sought a variance from the frontage requirement, which was also denied. The district court nonetheless concluded that Martin should have availed himself of Glidden's suggestion that he investigate whether a special permit under the rear-lot regulation would have allowed him to develop his property.

Under Article 7(C)(8) of the Simsbury Zoning Regulations, a prospective developer can seek a special exception allowing a lot to be divided to create a new lot that can be developed, notwithstanding the newly created lot's failure to meet the frontage requirement, provided certain conditions are met. Martin argues that pursuing a special permit under this regulation would have been futile. We agree. On its face, the regulation was inapplicable to Martin's property, and pursuing this course would therefore have been futile. *Cf. Sherman*, 752 F.3d at 561 ("'[T]he finality requirement is not mechanically applied. A property owner, for example, will be excused from obtaining a final decision if pursuing an appeal to a zoning board of appeals or seeking a variance would be futile.'" (quoting *Murphy*, 402 F.3d at 349)). The regulation applies to the dividing of a lot (which Martin was not looking to do), requires that the lot have been in its current configuration since 1969 (Martin's lot was created in 2011), and applies only if the current lot meets the applicable frontage requirements (Martin's did not). Accordingly, Martin's failure to seek such an exception does not affect the finality of the ZBA's decision.

Appellees additionally argue that Martin should have pursued other opportunities to develop his property. For instance, he could have merged his property with an abutting lot and then sought a permit to build an accessory structure, such as a swimming pool or a tennis court.

4

We are unpersuaded.  Requiring Martin to exhaust all the potential uses of his property before bringing his constitutional claims would conflate prudential ripeness with the merits: he would have to demonstrate that he has a winning case before he even stepped through the courtroom door.  *See Sherman*, 752 at 564–66 (applying noncategorical test for regulatory taking *after* concluding that claim was ripe).  True, the Supreme Court has sometimes concluded that a regulatory-takings claim was not ripe where the prospective developer still has other viable options.  For example, in *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340 (1986), the Supreme Court held that a landowner had failed to satisfy the final-decision requirement because the possibility existed that "some development will be permitted," *id.* at 352.  But the *MacDonald* Court required the landowner to first submit a more modest subdivision proposal.  *Id.*  It did not require the landowner to replace its plans to build a subdivision with plans to build a swimming pool.

Accordingly, we conclude that the district court erred by ruling that Martin failed to satisfy the first prong of *Williamson County*.  We therefore vacate the district court's judgment dismissing Martin's amended complaint.  We leave it to the district court to determine in the first instance whether, in order to advance his takings claim based on the denial of the zoning permit, Martin must have dealt with both the wetlands issue, which may or may not be resolved, and the inverse condemnation claim, which as represented at oral argument is pending appeal.  We express no view as to the proper outcome.  Having revived his federal claims, at least for now, we also reinstate his state law claims, as to which the district court declined to exercise supplemental jurisdiction because all federal claims had been dismissed.  *See, e.g.*, *Rogoz v. City of Hartford*, 796 F.3d 236, 251 (2d Cir. 2015); *Velez v. Levy*, 401 F.3d 75, 102 (2d Cir. 2005).

5

Accordingly, we **VACATE** the district court's judgment and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court